The Litchfield Manufacturing Company, Appellant,
v. Daniel Gallagher.

**Premature Suit on Contract.** In an action brought, *October 23. 1894* on a contract, in which plaintiff undertook to set up a furnace, furnishing all the material and doing all the work to make it ready for use, and the defendant agreed to pay fifty per cent. when the system was finished, and the balance, *January 1, 1895*, the petition alleged, that plaintiff put into the building the necessary pipes, etc.; that it manufactured the furnace, and delivered the same, and offered to do the work in setting it up; and defendant refused to allow plaintiff to complete the work, and by reason thereof, plaintiff was damaged three hundred dollars, for which judgment was demanded. No claim is made, that the property in the furnace passed to the defendant, and plaintiff does not seek to recover the difference between the contract price and the value of the furnace. *Held,* that the petition showed, that the action was premature.

**Order Signed in Representative Capacity.** It is intimated that the justices differ on whether a school district president is personally liable on a contract agreeing to pay for a school house furnace, in the future, signed by him as president.

*Appeal from Hamilton District Court.*—Hon. S. M. Weaver, Judge.

Wednesday, May 20, 1896.

Action at law to recover damages for the alleged breach of a written contract. A demurrer to the petition was sustained, and judgment was rendered for the defendant, for costs. Plaintiff appeals.—*Affirmed.*

*George Wambach* for appellant.

*Wesley Martin* for appellee.

Rothrock, C. J.—I. The written contract upon which the action was brought, was a sale by plaintiff

of a hot-air heater, for a school house. By the terms of the contract, the plaintiff undertook to "set up in a new school building, in district No. 7, Blairsburg," a hot-air furnace, and furnish all the material, and do all the work necessary to complete the undertaking, and make the furnace ready to be used in heating the building. The time of payment was in the following language: "We agree to pay for the above heating system, three hundred dollars, payable 50 per cent. when system is set and finished, and the remaining 50 per cent. on the first day of January, 1895." The closing part of the contract is as follows: "Both parties agree that the above contract is the whole contract between them. Accepted: The Litchfield Mfg. Co. [Signature.] C. C. Cooper, Sec. Daniel Gallagher, Pres." We have not thought it necessary to set out the contract in full. The questions involved in the case are whether the defendant, Daniel Gallagher, is personally liable on the contract, and whether the action was prematurely brought. The original contract was dated May 19, 1894. The action was commenced on the twenty-third day of October, in the same year. It is averred in the petition that the plaintiff put into the building, from time to time, while it was in course of construction, the necessary pipes, stacks, casings, fixtures, and appurtenances to carry the heat from the furnace to the rooms in the building; that plaintiff manufactured a furnace of the size contracted for and agreed upon, and delivered the same, and offered to do the work in setting the same in the basement of the school building, according to the contract; and that defendant refused to allow plaintiff to complete the work by putting the furnace in position, and prevented the plaintiff from completing its contract; and that, by reason thereof, plaintiff has been damaged in the sum

of three hundred dollars, for which judgment was demanded.

One ground of the demurrer to the petition was as follows: "*Third.* Said petition shows upon its face that there was nothing due the plaintiff under said alleged contract at the time this suit was brought, and that in no event is there anything due the plaintiff upon the contract upon which said action is based, until the 1st day of January, 1895." It appears from the petition and the contract that the furnace was to be paid for "in January, 1895." This action was brought for the full contract price of the furnace. It is true, it is stated in the petition that the plaintiff was damaged in that sum by the refusal of the defendant to permit the furnace to be placed in the building. There is no averment in the petition by which the claim is made that the property in the furnace passed from the plaintiff to the defendant, and the plaintiff does not seek to recover the difference between the contract price and the value of the furnace, and the court below might well construe the pleading as being a suit on the contract for the contract price, and determine, as we suppose it did, that the action was prematurely brought. Any other construction of the pleading would lead to the above conclusion that the plaintiff regards its furnace as worthless, for it is sought to recover the contract price and keep the furnace. As supporting these views, see *Scale Co. v. Beed,* 52 Iowa, 307 (3 N. W. Rep. 96).

Another ground of the demurrer is as follows: "Said petition shows upon its face that the signature of defendant to the alleged contract set out in the petition of plaintiff was attached to said contract in his representative capacity as president of the school board, and not in his individual capacity; wherefore this suit cannot be maintained against him." The demurrer was sustained generally.

As what we have said disposes of the appeal, we do not deem it necessary to determine the question involving the personal liability of the defendant. It is probable, that upon that question the members of this court would differ in their views. The judgment of the district court is AFFIRMED.