## THE MOLINE SCALE COMPANY v. BEED.

1. **Contract**: BREACH OF: MEASURE OF DAMAGES. The defendant gave to an agent of plaintiff an order for a four ton scale, to be built at defendant's place by the plaintiff. The order was countermanded by telegram before it was received by the plaintiff. Plaintiff shipped the scale to defendant, who refused to receive the same and it was left at the freight office. In an action to recover the contract price, *held* that a tender of the scale, built and completed as contemplated in the order, was essential to enable the plaintiff to maintain the action.

*Appeal from Franklin Circuit Court.*

TUESDAY, OCTOBER 28.

On the 4th day of April, 1877, at Hampton, Franklin Co., the defendant executed and delivered to an agent of the plain-

| | |
|---|---|
| 52 | 307 |
| d89 | 530 |
| d89 | 702 |
| 52 | 307 |
| d93 | 531 |
| 52 | 307 |
| 98 | 392 |
| 100 | 748 |
| 52 | 307 |
| 106 | 373 |
| 52 | 307 |
| 107 | 343 |
| 52 | 307 |
| 117 | 629 |
| 52 | 307 |
| 130 | 123 |

tiff an instrument in writing, of which the following is a copy:

"VICTOR SCALE COMPANY:—Please send me from Moline one 4 ton scale and beam box, and one No. 7 Dormant scale with drop lever; 4 ton scale to have double brass beam. Marked to W. G. Beed, Hampton Iowa, via Ackley, for which I agree to pay one hundred and twenty-seven and fifty one-hundredth dollars when the scale is built, as follows: Cash $127.50. And it is agreed that you do not part with nor relinquish your claim on or title to said scale until it is fully paid for, and in default of payment for the scale as agreed, you or your agent may, without process of law, take possession of and remove said scale and collect reasonable charges for the use of same; scale warranted durable and accurate. To be built by Moline Scale Co., soon as possible. If the purchaser delays having scale built thirty days after time set for building then this order shall become due and payable, the same as if the scale had been built at the time stated. The purchaser agrees to pay freight, furnish lumber, dig the pit, put in foundation, board the builder and take him back to the station.

WM. G. BEED."

Immediately after taking the order the agent left the town, and on the same day the defendant telegraphed to the plaintiff at Moline, Illinois, countermanding the order, and directing that the scales be not shipped. The telegram was duly received by the Scale Co., on the same day and before it had any knowledge that the order had been made. At the same time the defendant wrote a letter to the plaintiff, stating that he did not want the scales sent to him, as he had made other arrangements. He also wrote a letter to the agent who had taken the order stating that he had countermanded the same. These letters were received by due course of mail. On the sixth day of April, 1877, the scale company wrote a letter to the defendant in reply to the telegram, stating that the shipment of the scale would be held until the 10th day of that month for a letter in explanation of the telegram. On the 10th of April the plaintiff shipped a set of scales from Moline, Illinois, to the de-

fendant at Hampton, which the defendant refused to receive and refused to pay the freight thereon, and the same still remains at the freight depot at Hampton.

This action was brought to recover one hundred and twenty-seven dollars and fifty cents, the amount named in the written order as the price of the scales. The defendant admitted the execution of the order and set up the foregoing facts in defense.

There was a trial by the court, a jury having been waived. The court found for the defendant, and rendered a judgment against plaintiff for costs. Plaintiff appeals.

*King & Henley*, for appellant.

*McKinzie & Hemingway*, for appellee.

ROTHROCK, J.—At the time the plaintiff received the telegram countermanding the order no act had been done by which the scales in question were set apart as the property of the defendant. The evidence shows that "the scales so far as the iron work could be done were all perfect." By this we understand that the plaintiff had on hand the iron work of scales such as are described in the order. The single question to be determined is, had the plaintiff the right to select the iron work of the scales after the order was countermanded, and by shipping to Hampton, and offering to build them, maintain an action against the defendant, not for the difference between the contract price and the actual value, but for the amount named in the contract as the price to be paid? The plaintiff must recover, if at all, upon the case made in the pleadings, and recovery is sought upon the theory that by shipping the scales, and offering to build them, the plaintiff is entitled to a judgment for the contract price.

1. CONTRACT: breach of: measure of damages.

We are of the opinion that the action cannot be maintained. It will be observed that the contract was for scales to be "*built*" by the plaintiff. It is true the plaintiff had on hand the necessary iron work ready to be set up, but this, without more, is not the property named in the order. The iron work was to be shipped and the scales built, that is, the frame and platform

were to be constructed, for which defendant was to furnish the lumber. Suppose a person should contract with a manufacturer for a wagon to be built, and agree to furnish the iron, and the manufacturer should have all the necessary wood-work on hand ready to be set up and ironed, and before any thing was done the order should be countermanded, we think the manufacturer could not recover the contract price by setting apart the wood-work and calling upon the other party to furnish the iron. This is exactly parallel with the case at bar. Both are contracts with manufacturers to build, or manufacture, an article not yet completed or built. We have been cited to no adjudicated case, and are unable to find any, where it has been held that a vendor can recover the contract price unless the contract be such as to enable him to put the article sold in such condition as to transfer the title of the property to the vendee. What the law aims to do in case of a breach of contract is to make the parties whole, by awarding damages equal to the injury. In this case if the plaintiff should recover the contract price, it will receive more than compensation for the injury. The full contract price would be recovered for the scales without building them.

In *Bement v. Smith*, 15 Wendell, 493, the plaintiff built a sulky for the defendant according to an agreement, tendered it to him, and on his refusal to accept it deposited it with a third person on his account, giving the defendant notice of the deposit, and brought an action of assumpsit. It was held that the plaintiff was entitled to recover the contract price. That case is essentially different from the case at bar. The plaintiff had done every act to be done by him to the property, and it was ready for delivery, and was actually tendered. In the case at bar the plaintiff's obligation could not be discharged without building the scales. We think that in all the cases where it is held that the contract price may. be recovered it will be found that the article sold was completed and ready for delivery, and a tender made. *Gordon v. Norris*, 49 N. H., 376; *Duston v. McAndrew*, 44 N. Y., 72. Upon the other hand there are cases which hold that where there is a refusal by the vendee to perform the contract,

by receiving the property purchased, the measure of damages is limited to the difference between the contract price and the actual value. *Moody v. Brown*, 34 Maine, 107, and authorities there cited, *Allen v. Jarvis*, 20 Conn., 38; *Garison v. Madigan*, 13 Wis., 67.

We think, from an examination of the authorities cited by counsel, as well as others that have come under our observation, that the true rule is that where everything has been done by the vendor which he is required by his contract to do, and the manufactured property in its completed condition is tendered to the purchaser, and he refuses to receive it, and it is held by the vendor for the purchaser, that the vendor may recover the contract price. The result of the judgment in such cases would be to vest in the purchaser the title to the property. But where, as in the case of manufactured articles, something remains to be done by the vendor, which requires the co-operation of the purchaser, and the purchaser refuses to perform, the contract price cannot be recovered. To adopt the contrary rule would allow the vendor to recover for a manufactured article, which is yet incomplete and unfinished, the full price of a finished article, and would be giving him more than his actual damages. We find no case which adopts such a rule.

AFFIRMED.