McALISTER v. SAFLEY.

65 719
d89 530
90 41
65 719
100 748
65 719
107 344
65 719
e133 720

1. **Venue:** CHANGE OF TO COUNTY OF DEFENDANT'S RESIDENCE: FACTS NOT ENTITLING TO. Where one is sued upon a contract in a county of which he is not a resident, along with other defendants who are residents of that county, he cannot have the cause removed to the county of his residence, under section 2587 of the Code, on the ground that plaintiff has failed to obtain judgment against the other defendants, so long as the right to a judgment against such other defendants remains undetermined.

2. **Sale:** OF GOODS TO BE COMPLETED: RESCISSION: FACTS NOT ENTITLING TO. Where defendant entered into an absolute agreement to pay a certain price for a granite monument, to be completed, inscribed and erected according to the terms of the contract, she had no right to rescind the contract; and though she notified the vendors before the monument had been inscribed or erected that she would not take it, yet it was their right to complete and erect it according to their agreement, and upon doing so they were entitled to recover the contract price.

*Appeal from Muscatine District Court.*

TUESDAY, APRIL 21.

ACTION on a written contract for the price of a granite monument. There was judgment for plaintiff against defendant, J. G. Safley, and she appeals.

*Stivers & Louthan* and *D. C. Cloud,* for appellant.

*Hoffman, Pickler & Brown,* for appellee.

REED, J.—The contract sued on is in the following language:

"$700.                    TRAER, December 22, 1880.

"I have this day bought of Webster & Williams, Muscatine, Iowa, one monument, W. Chamberlain, Des Bay of Funday granite. Total height about sixteen feet. Inscription, viz., as heretofore given. Husband inscription on front of die, (to the beloved memory of John G. Safley). For which I promise to pay the sum of seven hundred dollars one year

from date, with seven per cent interest after maturity; further time given at seven per cent if desired, said stone to be delivered at Traer and set soon.

[signed]                    " Mrs. J. G. Safley."

The following writing was indorsed on the back of the contract:

" I agree to give Mrs. Safley the privilege of taking the English granite monument on hand at the same price, ($700,) or the large Hurricane Island monument at $800, if she should so elect, if she should call at our works by next Thursday, Dec. 30, 1880.

[Signed]                    " W. Webster,
                            " Pr. W. & W."

The contract was assigned to plaintiff. The firm of Webster & Williams, and the individual members of the firm, were made parties defendant, plaintiff claiming that they were liable as guarantors of the contract. There was no appearance by the firm; but Webster answered, alleging that the contract of guaranty on which plaintiff sought to recover was executed by Williams after the dissolution of the partnership, and that he was not bound thereby. Williams made no defense, and judgment was entered against him by default.

Defendant Safley resides in Tama county. When the case came on for trial, it was agreed that the only issues to be tried

1. VENUE: change of to county of defendant's residence: facts not entitling to.

at that time were those arising between plaintiff and defendant Safley. It was also agreed that the case should be tried to the court on an agreed statement of facts. After plaintiff's counsel had made their opening argument, defendant filed a motion to dismiss the case as to her, on the ground that she was a resident of another county, and no judgment had been obtained against her co-defendants, and that the action had been abandoned as against them. The default and judgment against defendant Williams was not taken until appellant asked and obtained leave to file the motion to dismiss. The overruling

McAlister v. Safley.

of this motion is assigned as error. It is claimed that, under the provisions of section 2587 of the Code, appellant was entitled to have the case dismissd as to her. The section is as follows: "When an action    *    *    *    is against several defendants, some of whom are residents and others non-residents of the county, and the action is dismissed as to the residents, or judgment is rendered in their favor, or there is a failure to obtain judgment against such residents, such non-residents may, upon motion, have said cause dismissed. *    *    *" We think the facts of the case afford no ground for dismissing it under the provision of this section.

When appellant asked leave to file her motion to dismiss, the action was still pending against all the other defendants. There had not been a failure to obtain judgment aginst them within the meaning of the section. Plaintiff asserted a claim in his petition upon which, if he could establish it, he was entitled to recover against all of the defendants. Williams, it is true, was making no defense, and judgment by default might at any time have been taken against him; and this is also true as to the partnership of Webster & Williams. But Webster had answered, and his answer raised an issue of fact, which must be tried before judgment could be rendered either in his favor or against him. It cannot be said, in view of these facts, that there was a "*failure* to obtain judgment" against these parties. There was no evidence of any intention by plaintiff to abandon the prosecution of his claim against them; and, to constitute a *failure* to obtain judgment against them, there must have been either some final disposition of the case as against those defendants, or an abandonment by plaintiff of his claim against them.

II. The matter pleaded in defense by appellant is that, after the contract was entered into, and before anything had been done by Webster and Williams towards completing the monument or delivering it at Traer, she notified them that she would not receive it, and requested them not to complete it

2. SALE: of goods to be completed: rescission: facts not entitling to.

or set it. It is shown by the agreed statement of facts that, on the next day after the contract was entered into, defendant wrote a letter to Webster & Williams, in which she expressed regret that she had entered into the contract, and requested them to return it to her, and that in about one week afterwards she sent them the following dispatch by telegraph: "*To Webster & Williams:* Order given Mr. Webster countermanded until further orders." It is also shown that Webster & Williams received this letter and telegram before they had done anything either towards cutting the inscription on the monument or sending it to Traer; also, that they answered defendant's letter, and informed her that they declined to return the contract to her, and that they afterwards cut the inscription on the monument and shipped it to Traer, and set it up at the grave of the defendant's husband. It is also shown that at the time the contract was entered into they were the owners of the monument, and had it in possession, and that it was wholly completed, except the cutting of the inscription.

On this state of facts we think there can be no question of defendant's liability for the contract price of the monument. It may be conceded that the contract was executory, and that the property in the monument did not vest in defendant upon the execution and delivery of the written agreement. But neither of the parties reserved a right of rescission. Defendant's undertaking to pay the stipulated price was contingent on the single condition that Webster & Williams would cut the inscription on the monument, deliver it at Traer, and set it up at the grave of her husband. She agreed absolutely that upon the happening of these conditions she would pay the price agreed upon at the stipulated time. There was no failure on their part to perform their undertaking. She therefore had no grounds for rescinding the contract. She did not claim the right to terminate it because of any default on their part, but sought to do so because she concluded she had not acted wisely in entering

into it. But the law will not permit one party to an agreement to terminate it at his pleasure, unless the right to do so is reserved in the contract itself.

It is said by this court in *Moline Scale Co. v. Beed*, 52 Iowa, 307, that the true rule in cases of executory contracts for the purchase of personal property is " that, when everything has been done by the vendor which he is required by his contract to do, and the manufactured property in its completed condition is tendered to the purchaser, * * * the vendor may recover the contract price." That the facts of this case bring it within this rule there can be no doubt.

The judgment of the district court will be

AFFIRMED.