MCCORMICK HARVESTING MACHINE COMPANY, Appel-
lant, v. MALTHEN RICHARDSON, Appellee.

1. **Sales:** ORDERS: ACCEPTANCE NECESSARY TO COMPLETE CONTRACT.
An order or request in writing, addressed to a dealer or his agent, to
ship to the writer, on or about a date named, goods of a kind specified,
for which the writer agrees to pay a price named, does not constitute
a contract until accepted or acted upon by the vendor, and may be
withdrawn at any time before acceptance. Hence, where such an
order directed that the goods specified be shipped three months after
the date of the order, and the vendor gave no indication of the accep-
tance of the order until the date named, when he shipped the goods,
*held,* that the vendee was not then bound to receive them.

2. ———: ———: ———: EVIDENCE OF CONTEMPORANEOUS PAROL
AGREEMENT. Evidence that at the time such an order was delivered
to an agent of the vendor it was orally agreed that the order should
be sent to his principal for approval and acceptance, is not incompe-
tent as tending to contradict a written contract.

3. ———: ———: ———: PLEADING: AMENDMENTS. The acceptance
of the above order being alleged in the petition, and denied in the
answer, *held,* that the plaintiff was not prejudiced by the filing of
an amendment to the defendant's answer at the close of the testi-
mony alleging a parol agreement with the agent at the time of the
delivery of the order that the same should be forwarded to the plaintiff
for its approval and acceptance.

4. **Practice in Supreme Court:** QUESTIONS CONSIDERED ON APPEAL:
Questions which do not arise under the issues in a cause, and which
are raised for the first time on appeal, will not be considered by the
supreme court.

*Appeal from Kossuth District Court.*—HON. GEORGE H.
CARR, Judge.

WEDNESDAY, OCTOBER 18, 1893.

ACTION on a written order for binding twine. From a verdict and judgment for the defendant, the plaintiff appeals.—*Affirmed*.

*Soper, Allen & Morling*, for appellant.

*Danson Bros.* and *Parker & Richardson*, for appellee.

KINNE, J.—The petition alleges that on January 31, 1891, the defendant entered into the following written order:

"January 31, 1891.

*Mr. W. S. Krebs, Albert Lea, Minn.:*

Please ship McCo'rmick binder twine as follows:

| | |
|---|---:|
| 167 bales Standard mixed, 5 lb. balls, 60 lbs each......... ... .10,020 lbs. |
| 50 bales Pure Sisal, 5 lb. balls, 60 lbs each. ............... 3,000 lbs. |
| 117 bales New Zealand, ½ and ½, 5 lb. balls, 60 lbs each..... 7,020 lbs. |
| | 20,040 lbs. |

to M. Richardson, Algona, Iowa, on or about May 1, by C. & N. W. R'y, for which I agree to pay, f. o. b. cars in Chicago, as follows: Standard Mixed, ten and one half cents per pound; Pure Sisal, nine cents per pound; New Zealand, nine and a quarter cents per pound: net cash on or before October 1, one half, and November 1, balance, next.

"[Signed]    M. RICHARDSON."

That Krebs, to whom the order was addressed, was the general agent of the plaintiff, having charge of its business at Algona, Iowa; and that the defendant knew he was ordering said twine of the plaintiff through said general agent. That Krebs gave the order to the plaintiffs, who accepted the same, purchased twine to fill the same, and on May 1, 1891, thereafter, shipped said twine to the defendant in pursuance of said order. That after the arrival of said goods at Algona, and about June 1, 1891, the defendant refused to receive

the goods, whereupon the plaintiff caused the same to be sold to the highest bidder, after due notice, and applied the proceeds of such sale, less the expense of selling and the freight, upon the contract price of the goods. That the amount so applied was one thousand, five hundred and fifty-five dollars, and sixty-five cents, leaving a balance due the plaintiff of five hundred and seventeen dollars and twelve cents, for which judgment is prayed.

The defendant answered, admitting that he signed the order, that the contract price was as is stated in the order, and that the plaintiff sold the goods after they arrived at Algona; denies all other allegations in the petition. The defenses set up in the second and third divisions of the answer were not submitted to the jury, as no evidence had been offered to sustain them. The fourth division of the answer is a general denial. In an amendment to the answer the defendant admits the signing and delivery of the order, and avers that at said time it was orally agreed between the defendant and the plaintiff's agent, Strouse, who took the order, that it should be sent to the plaintiff, or its general agent, Krebs, at Albert Lea, Minnesota, for approval and acceptance of the plaintiff, and the same was so sent. That the plaintiff received the order about February 2, 1891, and prior to June 1, 1891, did not inform or notify the defendant that said order was accepted, or that the goods would be shipped, and the defendant had no knowledge that the goods would be shipped or order accepted until he received notice that they were shipped, which was about June 1, 1891. That said order was not accepted within a reasonable time after same was received by the plaintiff, and there was no contract between the plaintiff and defendant by reason thereof.

I.   The plaintiff contends that the writing heretofore set out, was a contract of sale, and binding upon

1. SALES: orders: both parties from the date of its execution.
acceptance necessary to complete contract. The defendant insists that the writing was a mere request, proposal, or order, which was not binding until accepted or acted upon by the plaintiff, and that it might be recalled, rescinded, or revoked at any time prior to its acceptance. The court construed the writing as contended for by the defendant. The correctness of the court's action is raised by objections to testimony; also by exceptions to certain instructions given, and to the refusal of the court to give instructions asked by the plaintiff.

The material question in the case is as to the proper construction of the writing. It is said in *Goodpaster v. Porter*, 11 Iowa, 161–163: "A contract includes a concurrence of intention in two parties, one of whom promises something to the other, who, on his part, accepts such promise; hence, consent or acceptance is indispensable to the validity of every contract." "Mutual consent is requisite to the creation of a contract, and it becomes binding when a proposition is made on one side and accepted on the other." 2 Kent's Commentaries, 477; 1 Parsons on Contracts, 475. "A mere offer, not assented to, constitutes no contract, for there must be not only a proposal, but an acceptance thereof. So long as a proposal is not acceded to, it is binding upon neither party, and may be retracted." 1 Story on Contracts, section 490. "Where there is a written offer to sell, an acceptance constitutes the agreement, if the offer is still standing; and it is presumed to be so until the time fixed, or, if none were appointed, till it is expressly revoked or countervailed by a contrary presumption. * * * A bargain is closed where nothing mutual remains to be done to give either party the right to have it effected. Until both parties are agreed, either may withdraw an offer which he has made." Hilliard on Sales, section. 20. "A proposal or offer, therefore, must in some

way be accepted to constitute a sale." Benjamin on Sales, [Bennett's Ed. 1892, American Notes] p. 73. It has been held that such a writing does not constitute a contract until accepted or acted upon, and that, prior thereto, it may be withdrawn. *Johnson v. Filkington*, 39 Wis. 65; *Church v. Sherman*, 36 Wis. 404; *National Refining Co. v. Miller*, 47 N. W. Rep. (S. D.) 962; *Morris v. Brightman*, 9 N. E. Rep. (Mass) 512; *Stensgaard v. Smith*, 44 N. W. Rep. (Minn.) 669. See, also, *Greve v. Gauger*, 36 Wis. 369; *Western Historical Co. v. Schmidt*, 14 N. W. Rep. (Wis.) 822; *Graff v. Buchanan*, 48 N. W. Rep. (Minn.) 915; *Thomas v. Greenwood*, 37 N. W. Rep. (Mich.) 196; *Etheredge v. Barclay*, 6 S. Rep. (Fla.) 861.

In the light of these elementary principles and of the cases cited it seems clear that the writing in question does not constitute a contract in the absence of its acceptance, or of any action under it by the party whose duty it is to accept. It does not purport to be a contract between the parties. By it the plaintiff was not obligated to do anything on its part. The plaintiff does not undertake, by the terms of the writing, to ship the twine on the proposed conditions. It is merely a request or a proposition from the defendant to the plaintiff that, if the latter will ship certain goods, he will pay a certain sum therefor at a fixed time. It may be said to be an order, but it lacks an essential element of a contract, mutual assent. Being only a request or order, which required acceptance by the plaintiff to give it the force of a contract, it follows that it might be withdrawn or countermanded at any time prior to its being so accepted. We do not say that the acceptance must be a formal one. The acceptance might be shown by proving an act done on the faith of the order, such as the shipment of the goods ordered. But without an acceptance it is clear that the proposition is subject to be withdrawn by the proposer. It

is apparent, also, that counsel in preparing the petition deemed the writing of such a character that an acceptance of the order was necessary to be shown in order to recover, because it is expressly alleged therein "that said order was duly accepted by the McCormick Harvesting Machine Company, and twine purchased to supply the same," though there was no evidence that the company were compelled to, or did, purchase twine to fill this order.

It is said that this case is ruled by *Moline Scale Co. v. Beed*, 52 Iowa, 307, and *McAlister v. Safley*, 65 Iowa, 719. In the *Moline case* an order had been given for a scale to be built, and before the plaintiff received the order from its agent it was countermanded. The suit was for the contract price of the scale, and it was held that the plaintiff could not recover the contract price, as the contract was not such as to enable them to put the article sold in a condition so as to transfer the title to the property to the vendee. The question involved in this case was not decided in that one. The facts in the *McAlister case* were that the contract read, "I have this day bought," etc. On the back of the contract the parties to whom the order was given made an indorsement agreeing to give Mrs. Safley a choice of monuments. The indorsement was in effect an acceptance of the order, and showed a mutual agreement between the parties. There was no issue of acceptance of the order in the case. It was a case of a proposition completed by an acceptance, after which it could not be rescinded at the option of Mrs. Safley. Our holding herein in no wise conflicts with that case.

II. Error is assigned because of the court's ruling permitting the defendant to testify that when the order 2. ——: ——: ——: was given it was delivered to the agent evidence of contempora- subject to the approval and acceptance of neous parol agreement, the plaintiff company. The defendant

pleaded and introduced evidence to show that, at the
time the order was signed and delivered to the plain-
tiff's agent, it was orally agreed that the order should
be sent to the plaintiff, or to its general agent, for ap-
proval and acceptance, and that it was so sent.   It is said
by the plaintiff that the defendant was thus permitted
to ingraft upon the contract a parol provision.   We
need not enter into a discussion of the proposition that
a complete written contract can not be altered,
changed, or enlarged by a contemporaneous parol
agreement.   We have no such case before us.   As we
have said, this writing, on its face, did not purport to be
a contract.   It was not error to admit evidence to show
what was said at the time the order was made and
delivered touching its acceptance.   Such evidence did
not tend even to contradict the writing.   Under the
law, the writing, to be effective to bind the defendant,
must be accepted or acted upon by the plaintiff.   To
show that it was agreed that it should be sent to it for
acceptance, was but showing what the law required
before it could bind defendant.   In *Morris v. Bright-
man*, 143 Mass. 149, 9 N. E. Rep. 512, the defendant
gave a written order to an agent of the plaintiff for a
safe.   One day after giving the order he counter-
manded it.   The defendant introduced evidence to
show that when the order was signed and delivered to
the agent it was agreed that the agent was to hold it
three or four days, during which time, if the defend-
ant made up his mind he did not want the safe,
the agent should destroy the order, etc.   The court
held the writing was not a contract, and that the evi-
dence was properly admitted.   In *Refining Co. v.
Miller*, 47 N. W. Rep. (S. D.), 962, evidence was
admitted to show that it was agreed between plaintiff's
agent and one of the parties to an order for goods that
it might be countermanded, and it was held that such
evidence was admissible.   In the case at bar the writ-

ing was an order; was complete in itself; the evidence admitted in no manner changed or altered it, but tended to show the failure to perform another distinct act which was requisite to give the writing the force and effect of a contract.

III. It is insisted that it was error to permit the defendant to file the amendment to his answer at the

3. ——: ——: ——: close of the testimony. It is said that the pleading: amendments. plaintiff had no notice of the defense thus presented, the failure to accept the order. The plaintiff, it occurs to us, is in no position to claim that it was prejudiced by this action of the court. It knew, or at least ought to have known, that the nonacceptance of the order would be relied upon as a defense to its claim. It had in its petition pleaded the fact of the aceptance of the order; the defendant in his answer denied it. It was in issue, and it should have been prepared to meet it. We do not say that the amendment was necessary; it simply set out more fully the facts touching the alleged agreement relating to the acceptance of the order. The amendment was, at least, proper. If, as the plaintiff claims, it was surprised or mislead thereby, it should have made timely application for a continuance. It did not do so, but proceeded with the trial, and it is too late now, under the circumstances, and after taking the chances with the jury, and being defeated, to claim prejudice from the filing of the amendment.

IV. It is said that the evidence and letters of the defendant show that he had waived the acceptance of the order by the plaintiff. No such issue

4 PRACTICE in supreme court: is made, and, for all that appears, the questions considered on appeal. question of the defendant's waiver of acceptance is raised for the first time in this court. The question of such a waiver was not raised by the instructions asked by the plaintiff. It appears not to have been brought to the notice of the trial court. We can not, therefore, consider it.

Error is assigned on the ruling of the court in refusing to allow the plaintiff to ask the defendant on cross-examination whether the order he gave to the plaintiff the year before was given subject to approval. It is claimed an answer would have tended to show that the defendant got the two contracts mixed; that he was mistaken as to the 1891 contract. There was no error in excluding the testimony. The order in suit was in no way related to the one that had been given the previous year. Besides, so far as the witness, Matt Richardson, was concerned, he was asked if he was sure that he had not got what was said at the time the order in suit was taken mixed with what was said when he gave his order the year before, and answered he was sure about it.

VI. The contract was properly construed by the court, and the instructions given were correct. Those refused, where containing a correct statement of the law, were sufficiently covered by the charge of the court. While the evidence is conflicting, and while, sitting as jurors, we might have reached a different result, still there is evidence from which the jury might find that the order was not accepted when given, nor within a reasonable time thereafter, and not until after the defendant had countermanded it. We can not disturb the judgment below. Affirmed.