WILLIAM DURKEE, Appellant, v. MICHAEL SCHULTZ.

**Sales:** COUNTERMANDING ORDER BEFORE APPROVAL. Where a written order for a machine is executed and delivered to an agent, which provides that the same is subject to the approval of the principal, it may be countermanded at any time before its acceptance and notice to the purchaser.

*Appeal from Shelby District Court.*—HON. N. W. MACY, Judge.

TUESDAY, JANUARY 26, 1904.

IN 1901 the plaintiff was the local agent at Panama, Iowa, of the Plano Manufacturing Company, of Chicago, Ill. April 13th of that year the defendant signed a written order for a Plano binder, and delivered it to one Campbell, who was a canvasser sent out by the Plano people to assist the plaintiff. This order was taken on one of the blanks furnished by the company, and provided that it was subject to

their approval in Chicago. Campbell delivered the order to the plaintiff on the same day that it was taken, and on the same day the plaintiff mailed it to the company. The binder was to be delivered at Panama on or about the 1st day of July following. About the 15th of June the defendant notified both the plaintiff and the company that he countermanded the order, and would not accept the machine. At this time no acceptance or approval of the order by the company had been made, so far as the record shows. The court directed a verdict for the defendant. The plaintiff appeals. —*Affirmed.*

*Cullison & Robinson* for appellant.

*Byers & Lockwood* for appellee.

Sherwin, J.—There was no meeting of the minds of the parties, and hence there could be no contract until the approval of the order by the Plano Manufacturing Company; consequently the defendant might withdraw the order at any time before there had been an acceptance thereof which was communicated to him. *Machine Co. v. Richardson,* 89 Iowa, 525; *Manufacturing Co. v. Perkins & Son,* 97 Iowa, 607. That he withdrew the order before he had received any notice of its acceptance or approval is undisputed. The appellant contends, however, that he had authority to approve it for the company, and that he did so approve it. But his only authority to act for the company was embodied in a written contract between them, from which it affirmatively appears that he had no such authority. This contract expressly provided that in making sales of machines "he should have a written order signed by each purchaser on blanks furnished by the company," and the order blanks so furnished contained the condition that the order was subject to the company's approval at Chicago. Suppose the plaintiff himself had taken the order; would it be contended that no further approval was necessary to make it binding on the company? We think not. Still, if his contention is cor-

. rect, the condition would be meaningless in such circumstances, because, when he personally took an order, he necessarily appr**ø**ved it. *McCormick H. M. Co. v. Markert,* 107 Iowa, 340, is not such a case as this.

The judgment is AFFIRMED.