THE MINNEAPOLIS THRESHING MACHINE COMPANY v. CHARLES H. ZEMANEK, Appellant.

Sales: ACCEPTANCE OF ORDER. Where goods specially ordered are shipped and ready for delivery in accordance with the order and within the specified time, there is a sufficient acceptance of the order to bind the purchaser.

*Appeal from Delaware District Court.*— HON. A. S. BLAIR, Judge.

FRIDAY, MARCH 9, 1906.

ACTION to recover the price of a traction engine alleged to have been sold by plaintiff to defendant.   Defendant appeals from a judgment on a directed verdict in favor of the plaintiff.— *Affirmed.*

*Bronson, Carr & Sons,* for appellant.

*Glass, McConlogue & Witwer* and *E. C. Perkins,* for appellee.

McCLAIN, C. J.— On June 11, 1903, defendant had negotiations with the local agent of plaintiff at Mason City relative to the purchase of a traction engine, and signed an order for such engine of a particular description, which was forwarded to plaintiff by the agent.' In the instrument thus signed by defendant it was provided that it should not be binding on plaintiff as a contract until approved by plaintiff, and also that defendant " agrees to receive the machine ordered, purchased, and sold on arrival " and to pay therefor the price specified in the order, prior to delivery.   Under the terms of the order the engine was to be delivered on or about the 25th of the same month, or as soon as ready for shipment, and transportation could be obtained.   On the 20th an officer of plaintiff having this order in his possession called upon defendant and told him that as soon as he reached the home office he would have the engine immediately shipped.   The engine was shipped and arrived at Dundee, the place named in the order for delivery, on July 6th where it was unloaded; but defendant, who was then and there present, refused to receive it.   It was not claimed by defendant at the time the engine was tendered that he had previously countermanded the order, or that the engine did not correspond to the order, but his counsel insisted on the trial and still claim that inasmuch as there had been no ac-

ceptance of the order, so as to convert it into a binding contract, defendant was under no obligation to accept. It appears that the engine after being unloaded at Dundee was held by plaintiff ready for delivery to defendant whenever he should comply with the terms of the order.

The claim that there was a failure of plaintiff to accept the order so as to convert it into a mutually binding contract within the rule in *McCormick Harvesting Machine Co. v. Richardson,* 89 Iowa, 525, is not well founded. The difficulty in that case was that there was not an acceptance of the order within a reasonable time and it appeared that although the order (which was for binding twine) was received by the plaintiff February 2d, it did not inform or notify the defendant that the order was accepted or that the goods would be shipped, and the defendant had no knowledge that the goods would be shipped or order accepted until he received notice that they were shipped, which was about June 1st following. But in the present case there was no such difficulty. The officer of plaintiff advised defendant on the 20th of June which was before the time fixed for the delivery of the engine that it would be shipped as soon as he returned to the home office which, under the circumstances as known to the defendant, would involve a few days delay beyond the time named for delivery. It appears that the engine was shipped on the 29th of June and that it was tendered at the destination on the 6th of July. Defendant made no objection to the slight delay, and did not put his refusal to receive the engine on the ground that it was not tentered in good time, nor do counsel now contend that the delay was unreasonable or beyond the contemplation of the parties. The case of *Durkee v. Schultz,* 122 Iowa, 410, is also relied upon, but in that case it was held that the purchaser might countermand such an order before its acceptance. In the present case it was not attempted to countermand until delivery was tendered. The facts of the present case seem to bring it fully within the rule of *McCormick Harvesting Ma-*

*chine Co. v. Markert,* 107 Iowa, 340, in which it was held
that the filling of the order within the specified time was
sufficient acceptance and notice to bind the proposed pur-
chaser. In the last cited case the court approved of what
is said in *Moline Scale Co. v. Beed,* 52 Iowa, 307, to the
effect that the tender of the property in accordance with the
terms of the contract entitles the seller, if the goods are
specifically procured or prepared to fill the particular order,
to recover the purchase price.

The judgment of the trial court is therefore *affirmed.*