J. E. YOUNGLOVE, Appellee, v. OSCAR J. HOBERG et al.,
Appellants.

**ACTIONS:** Nature and Form—Recovery of Bid Deposit. An action
1  by a bidder to recover the deposit made with his bid, on the claim that, having discovered a mistake in his bid, he had unconditionally withdrawn it, prior to any acceptance, is properly brought at law, and not in equity.

**CONTRACTS:** Offer and Acceptance—Unconditional Withdrawal of
2  **Bid.** A bidder may unconditionally withdraw his bid at any time before the same has been so accepted as to constitute a contract.

Record reviewed, and held to present a jury question on the issue of withdrawal.

CONTRACTS:    Offer and Acceptance—Evidence in re Withdrawal.
3    The withdrawal of a bid on construction work may be by oral or written declaration, or by a combination of such ways. It follows that a party is not necessarily required to stand exclusively on his withdrawal by letter.

TRIAL:    Instructions—Assumption of Fact.    An instruction to the
4    effect that the recipient of a bid had the right to accept the bid after a certain time, and ''until the same was withdrawn by the bidder,'' is not an inferential assumption that the bidder had withdrawn the bid.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 13, 1923.

ACTION at law, to recover $1,500 deposited with a bid for the construction of a certain building as a guaranty that plaintiff would enter into a contract if the same was awarded to him. A verdict was returned for the plaintiff, and defendants appeal.—*Affirmed.*

*Henderson, Fribourg & Hatfield,* for appellants.

*H. W. Brackney* and *E. J. Stason,* for appellee.

FAVILLE, J.—The appellant Hoberg, acting for himself and others, solicited of certain contractors and builders in Sioux City, bids for the construction of a certain building. The specifications called for sealed bids, to be received by Hoberg up to 1:30 P. M. on July 12, 1921, and required that each bid must be accompanied by a certified check in the sum of $1,500, as a guaranty that the bidder was ready to enter into a contract for the installation of the work. The check was to be forfeited if the successful bidder should fail to enter into a contract. Appellee submitted a bid in writing within the time named, and accompanied the same by a certified check for $1,500. There were five bidders, besides the appellee. At the hour fixed, the bids were opened and examined by J. R. Carter, who was acting

under written authority from Hoberg. It was then discovered that appellee's bid was the lowest bid. Hoberg being out of the city, Carter then announced to those present, including some of the bidders, that the result would not be made known until the next morning, after Hoberg had returned, which would be about 9 o'clock. On the following morning, just as Carter was leaving his office for the train, to meet Hoberg, he was met by appellee's son, who handed him a letter. It appears that this letter had first been taken to the office of the architect where the bids were submitted, and appellee's son had been directed to take the same to Carter. The letter was dated July 13, 1921, and recited that appellee had been misinformed on material, and stated:

"Revising our figures accordingly, we find we shall have to raise our bid on the Scottish Rite Foundation $3,025, and will have to have $11.25 per cubic yard for additional concrete work. If it is not possible at this time to alter our figures accordingly, kindly leave it out altogether. We will withdraw our bid."

It is the contention of the appellee that, at the time of the delivery of this letter to Carter, his son informed Carter that, if appellee could not increase the bid previously made, he would have to withdraw it altogether. There is a dispute in the evidence as to exactly what was said between these parties at this time. The check of $1,500 does not appear to have been mentioned in this conversation. Very shortly thereafter, Hoberg arrived, and, together with Carter and other parties, went to the office of the architect and examined the bids. Appellee's son was immediately advised by telephone that the bid had been awarded to the appellee, and he went to the office of the architect where the parties then were, and was again notified that the contract had been awarded to appellee. Younglove requested an hour's time to consider in regard to the matter, and subsequently returned, and advised the parties that he did not have to enter into a contract, and would not do so. The contract was subsequently awarded to the next lowest bidder.

I. Appellant contends that appellee's action cannot be maintained at law, because of the claim that it is predicated upon a mistake alleged to have been made by the appellee in

**1. ACTIONS: nature and form; recovery of bid deposit.** submitting his bid. We do not so construe the petition. The appellee is not seeking to be released from a building contract because of a mistake in making his estimates as the basis for his bid. He is seeking to recover the amount of the check deposited by him, on the theory that no contract whatever was entered into between the parties, and, therefore, that there could be no forfeiture of the check. His contention is that the offer contained in his bid was not accepted until after the same had been withdrawn, and that, therefore, no contract was formed between the parties.

II. It is contended that the alleged withdrawal of appellee's bid was not, in fact, sufficient, because it was not an unconditional withdrawal. The court instructed the jury that, as a

**2. CONTRACTS: offer and acceptance: unconditional withdrawal of bid.** matter of law, the appellee's letter of July 13th "is not, upon its face, and standing alone, a withdrawal by plaintiff of his bid." The court, however, told the jury that they might consider the same, together with all the facts and circumstances admitted in the evidence, in determining whether or not the bid was, in fact, withdrawn. There was evidence in the record in addition to the letter of July 13th, sufficient to take the question to the jury of whether, under all the facts and circumstances proved, there was an absolute and unconditional withdrawal. Such withdrawal might have been in writing or in parol, or partly in writing and partly in parol. The ultimate question is whether or not there was an absolute and unconditional withdrawal before there was an acceptance of the appellee's offer. Upon the record, this was a question for the jury, which, we think, was properly submitted. It is contended that the jury failed to follow the court's instructions in this regard. We do not, however, so read the record. The evidence is not altogether satisfactory nor conclusive on this question, but we think it was sufficient to carry the case to the jury for their determination as to whether or not there was an unconditional withdrawal of the bid.

III. It is contended that appellee was bound by the language of the letter of July 13th, and that no evidence was competent to explain or vary its terms.

The letter was one link in the chain of testimony on the question of whether or not the appellee withdrew the offer he had made. It was admissible and competent for this purpose, and oral evidence of what was said and done, in addition to the contents of the letter, was likewise admissible; and it was for the jury to determine, from all of the evidence, whether there was a withdrawal.

3. CONTRACTS: offer and acceptance: evidence *in re* withdrawal.

IV. Complaint is made of an instruction in which the court told the jury, among other things, that:

"The defendant had a right to accept plaintiff's bid at any time after 1:30 P. M., July 12, 1921, until the same was withdrawn by plaintiff."

4. TRIAL: instructions: assumption of fact.

It is contended that the court had no right to assume that the bid had been withdrawn by the appellee.

We do not think the instruction is subject to the criticism lodged against it. The instruction was a general one. In it the court told the jury that the defendant had a right to accept the bid until the same was withdrawn, and that the plaintiff had a right to withdraw the bid at any time before the same was accepted. The court was only attempting to state this general rule of law, and the jury could not fairly have understood therefrom that the court was instructing them that, as a matter of fact, the offer had been withdrawn. The instructions must all be read and construed together, and when they are so read, it appears that the court fairly submitted the law applicable to the case.

The law in cases of this kind is well established and quite elementary. An offer may be withdrawn at any time before it is accepted and the acceptance communicated, when communication is necessary. *McCormick Harv. Mach. Co. v. Richardson,* 89 Iowa 525, and cases cited.

The ultimate question in this case is whether or not the appellee withdrew his offer before the same had been accepted and he had been notified of such acceptance. There was sufficient evidence on this question to carry the case to the jury, and with their conclusion on a fact question we cannot interfere. We

find no error that requires a reversal, and the judgment appealed from must, therefore, be—*Affirmed.*

Preston, C. J., Evans and Arthur, JJ., concur.