DOLL & SMITH, Appellants, v. A. & S. SANITARY DAIRY COMPANY,
Appellee.

**SALES:** Order—Right to Cancel. An order for goods may be canceled
prior to acceptance of the order, and it is quite immaterial that the
maker of the order referred, in his cancellation, to the ''order'' as
a contract.

Headnote 1:  35 Cyc. pp. 51, 53.

Headnote 1:  10 L. R. A. (N. S.) 1138; 10 A. L. R. 685; 23 R. C. L. 1288.

*Appeal from Council Bluffs Municipal Court.*—DANIEL H.
SHEEHAN, Judge.

DECEMBER 14, 1926.

The petition in this case alleges that defendant gave plain-
tiff an order for advertising matter; that it was accepted, and
delivery made, but price not paid. The answer denies that any
contract was made, and alleges cancellation of the order. Judg-
ment for defendant. Plaintiff appeals.—*Affirmed.*

*Walter S. Stillman* and *J. Leo Connolly,* for appellants.

*Galvin, Byers & Sullivan,* for appellee.

MORLING, J.—On June 9, 1924, defendant signed an order
to plaintiff to ship by express F. O. B. New York as soon as
possible the described advertising material. By the language
of the order, defendant agreed to pay the price on stipulated
terms. The order was apparently given to an agent, and by
him forwarded to plaintiff in New York. On June 14, 1924, the
plaintiff received the order, and referred it to the factory to be
filled. Plaintiff paid the agent's commission and incurred
other expense, but gave no notice to defendant of acceptance.
On June 16, 1924, defendant wired cancellation, and on June 19,
1924, wrote a letter of cancellation. On June 20, 1924, plain-
tiff wrote a letter acknowledging receipt of the telegram and ob-
jecting to the cancellation. Some point is made over the use of

the word "contract" in the telegram, which says, "Cancel our contract," and in the letter of June 19th, which asks cancellation of "our order," states that defendant does not wish to contract, and asks plaintiff "to cancel our contract with you." There was, however, on the facts related, no contract consummated, because there was no communication of acceptance, nor were the goods delivered before defendant by the telegram had withdrawn the offer. *McCormick Harv. Mach. Co. v. Richardson,* 89 Iowa 525; *Durkee v. Schultz,* 122 Iowa 410; *Younglove v. Hoberg,* 195 Iowa 281. The use of the word "contract" does not vary the legal effect of the transaction. Furthermore, plaintiff alleges delivery, and seeks to recover the price of the goods. The goods were not delivered. No case for damages, either on pleading or proof, is made.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.