No. 27,257.

E. M. DAVIS and R. D. DAVIS, Copartners, as THE DAVIS MERCAN-
TILE COMPANY, *Appellants,* v. JESS MCCLURE and FERN WARE,
Copartners, as THE MCCLURE & WARE GROCERY COMPANY, *Ap-
pellees.*

SYLLABUS BY THE COURT.

1. SALES—*Acceptance—Order for Future Delivery by Commercial Traveler—
Approval of House.* An order for future delivery of goods taken by a com-
mercial traveler is subject to the approval of the house which he represents
and no contract results until such order is accepted.

2. SAME—*Evidence of Acceptance.* The evidence considered and held insuffi-
cient to support the claim that an order for future delivery of merchandise
was accepted by the seller.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed
May 7, 1927. Reversed.

*E. B. Morgan,* of Galena, and *Claude B. Kenney,* of Joplin, Mo., for the
appellants.

No appearance was made for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This action involves the question whether an order
for future delivery of merchandise taken by a traveling salesman
was accepted by his principal.

Plaintiff sought to recover a balance due for merchandise sold and
delivered. A defense that defendants were damaged because of fail-
ure of the plaintiffs to fulfill the orders for future delivery was
allowed and plaintiffs appeal.

The plaintiffs are engaged in the wholesale grocery business at
Joplin, Mo. Defendants operated a retail store at Lowell, Kan.
The parties had a running account, sometimes amounting to $250
from orders taken by Harry Brown, a traveling salesman for plain-
tiffs. Plaintiffs' claim for a balance of $154.55 was admitted. The
damage claimed by defendants for failure to deliver the future orders
was $137.50. The defendant testified that he gave to the salesman
future orders consisting of 100 cases of No. 2 corn, 100 cases of No.
2 tomatoes, and 25 cases of No. 2½ tomatoes. Brown, the salesman,
testified that it was a future order, "just like we always took future

Sales, 35 Cyc. pp. 51 n. 31, 52 n. 40, 83 n. 7; 38 L. R. A. n. s. 903; 10 A. L. R,
683; 23 R. C. L. 1289.

Davis v. McClure.

orders. I put the order on a special order blank but didn't leave any duplicate. I made out written orders for these future orders. It was not in the book I had with me at the time. They were turned in later on at the house. I had a regular book that I wrote future orders in at that time and I couldn't say just when I turned it in, but along late in the fall, I suppose. I told Mr. Davis about it when I got the order, but I didn't turn it in to him. That is the way we handled our future orders. We didn't turn them in. I mentioned it to Mr. Davis the next day or two after talking with Mr. McClure. I didn't promise Mr. McClure any certain amount."

There was evidence that 30 cases of tomatoes were delivered to defendants, it being uncertain whether they were part of the future order over which the controversy arose or whether they were delivered under a "spot order." Brown testified:

"Mr. McClure received 30 cases of tomatoes, but I don't know whether they were delivered on that order or not.

"Q. Did you make any other order for these tomatoes? A. I made a special order for each one of these other ten cases.

"Q. Just tell the circumstances surrounding these orders for the three? A. It was made along with the other orders on the regular order sheet. I took orders after that for tomatoes for him. Yes, sir, the order is for ten cases of tomatoes. That order was turned in in the regular course of business.

"Q. And is it not a fact, too, Mr. Brown, that the other two orders which, with these made about 30 cases of tomatoes, were turned in in the same identical order? A. Yes, sir; and were filled, so far as I know.

"Q. But there never was any part of the three items claimed in the future order delivered, except these three items of ten each, in the manner you have suggested? A. That is all I know of."

The plaintiff contends the evidence was not sufficient to support the judgment of the court upon the counterclaim of the defendants, and the judgment should have been for plaintiffs for the full amount of their account, claim and demand. This court has followed the general rule that an order for goods taken by a commercial traveler is subject to the approval of the house which he represents, and that no contract results until such order is accepted. (*Bauman v. McManus*, 75 Kan. 106, 89 Pac. 15.)

The trial court found "that the order for the future delivery of the corn and tomatoes in question was given by the defendants to the representative of the plaintiffs. . . . And that from all of the circumstances surrounding the matter, said order was accepted by plaintiffs." Was there evidence to sustain the finding? We

think not. Viewing it in its most favorable aspect for defendants, we are unable to say there was an acceptance of the orders for future delivery by the plaintiffs. Delivery of the 30 cases of tomatoes was the only circumstance which might have indicated an acceptance by plaintiffs of the orders in question, and in view of the testimony of Brown that such tomatoes were delivered on subsequent spot orders, the trial court's conclusion was incorrect. The record discloses no evidence of an intention on the part of plaintiffs to accept the orders. Acknowledgment of the receipt of an order and statement that "the same shall have prompt attention, or prompt and careful attention," has been held not to have been an acceptance of the order. (*Bauman v. McManus,* supra; see, also, *International Filter Co. v. Conroe Gin, Ice and Light Company,* 269 S. W. 210 [Tex. Civ. App.] ; *Courtney Shoe Co. v. E. W. Curd & Son,* 142 Ky. 219, 134 S. W. 146; *Senner & Kaplan Co. v. Gera Mills,* 173 N. Y. S. 265; *Van Keuren v. Boomer & Boschert Press Co.,* 128 N. Y. S. 306; *Beauty Waists v. Traphagen,* 165 N. Y. S. 940; *Gould v. Cates Chair Co.,* 147 Ala. 629; *Machine Co. v. Richardson,* 89 Ia. 525; *Bronson v. Herbert,* 95 Mich. 478; note in 38 L. R. A., n. s., 903; 23 R. C. L. 1288, 1289; 10 L. R. A., n. s., 1116; 10 A. L. R. 673, 678.) We are of opinion there was no sufficient basis for the trial court's conclusion that plaintiff accepted the orders in question.

The judgment is reversed and the cause remanded with instructions to render judgment for plaintiffs.