JOHN STEFFES, Appellant, v. J. E. HALE et al., Appellees.

MORTGAGES: Transfer of Land—Non-assumption of Mortgage. A vendee of· land who has never agreed to assume and pay a mortgage ·: on the land cannot be made so liable by the act of the vendor in ex: ecuting and recording, without the knowledge or. consent of the vendee, a deed containing such assumption and agreement to pay, it appearing that the vendee promptly repudiated and rejected said deed. (See Book of Anno., Vol. 1, Sec. 12376, Anno. 24 *et seq.*)

Headnote 1:  41 C. J. p. 728.

Headnote 1:  19 R. C. L. 378.

*Appeal· from Page District Court.*—EARL PETERS, Judge.

SEPTEMBER 20, 1927.

· ˙ Action· at law, but tried in equity, to recover against certain· defendants on promissory notes secured by mortgage on certain real estate, and to recover against certain other defendants on the theory that the mortgage indebtedness had been assumed by the latter. The trial court dismissed the plaintiff's action as to the defendants named in the pleaded assumption contract. Plaintiff appeals.—*Affirmed.*

· ˙ *Ferguson, Barnes & Ferguson,* for appellant.

*Tinley; Mitchell, Ross & Mitchell* and *Shinabarger, Blagg & Ellison,* for appellees L. L. Hart and S. E. Taylor.

DE GRAFF, J.—This action, although tried in equity by agreement of the parties, was commenced at law, to recover on four promissory notes, aggregating $10,000, executed by the de-

fendants J. E. Hale and wife, Lulu M., and secured by a junior real estate mortgage, and also to recover judgment against the defendants L. L. Hart and S..E. Taylor, vendees of the mortgaged land, on the pleaded contract of plaintiff, as transferee and holder of the notes, that the vendees had assumed the payment of the said mortgages, under their written contract of purchase with the mortgagor. This appeal concerns itself only with the alleged assumption contract. The one question is: Was the mortgage obligation assumed, either expressly or impliedly, by the defendants Hart and Taylor in their contract of purchase of the real estate involved herein?

This case, in the last analysis, simply calls for the applicable legal principle, but, like every other case, arises out of a fact situation. It is almost a legal maxim that "out of the facts the law arises," since, if there be no state of facts, there can be no question of law. We therefore turn first to the fact side:

The chronology may be stated as follows: On February 16, 1921, J. E. Hale and wife, the title holders of certain land in Decatur and Ringgold Counties, Iowa, executed four promissory notes, each for $2,500, payable to the Consolidated Land, Cattle & Loan Company of Shenandoah, Iowa, and, to secure said notes, executed a junior or second mortgage on said real estate. These notes were indorsed without recourse by the payee loan company, and delivered to the plaintiff, Steffes, in November, 1921.

Prior to these transactions, to wit, January 17, 1920, the defendant J. E. Hale and one F. C. Kirkham entered into a written contract with the defendants L. L. Hart and S. E. Taylor, whereby the former "hereby trades and agrees to convey or cause to be conveyed to the said second parties Hart and Taylor" the real estate described in the mortgage given to secure the four notes in suit. The written contract in this particular reads as follows:

"All of the 617 acres farm belonging to first parties [Hale and Kirkham] and being recently purchased by first parties of Ernest Lingo same being located about five miles east of Ellston and about one mile north containing 617 acres, more or less, according to surveys, in the counties of Ringgold and Decatur, state of Iowa; all at and for price and consideration of $85,000.00, but subject to the following described liens against

the same, viz., a mortgage indebtedness for the principal sum of $60,000.00, $50,000.00 of which runs 5 years at 5½ per cent and the bal. $10,000.00 for five years at 6 per cent annual interest with opt. of payment.

"In exchange for the above described property, the said second party [Hart and Taylor] hereby trades and agrees to convey or cause to be conveyed to the said first party or his assigns, and the said first party hereby purchases and agrees to accept, at and for the price and valuation and upon the terms and conditions hereinafter mentioned, the following described · property to wit:

"A farm of 640 acres in Brown Co., Neb., which 2nd parties recently purchased of J. Dee Loudon, containing 640 acres, more or less, according to surveys, in the county of Brown, state of Neb.; all at and for the price and consideration of $28,800.00 dollars; but subject to the following described liens against the same, viz:, a mtg. indebtedness for the sum of $4,750.00, the said property or equity last described being accepted as a part of the consideration first above mentioned."

The contract further recites:

"The prices and considerations above mentioned are fixed merely for the purpose of effecting this exchange."

It may be observed at this point that there is no express assumption, on the part of the vendees, of the outstanding first mortgage of $50,000 or the outstanding junior mortgage of $10,000. It may be further stated that, on the 28th day of February, 1921, a deed was executed by the defendants J. E. Hale and his wife, Lulu, conveying to L. L. Hart and S. E. Taylor the real estate described in the written contract, and in said deed it is recited that the land is "subject, however, to certain mortgages aggregating $60,000 which are deducted from the above named purchase price."

The answer of the defendants Hart and Taylor contains certain allegations, which are amply sustained by the proofs, to the effect that said defendants never accepted the said warranty deed, but at all times repudiated same, and refused to accept said deed, and that said deed was recorded by the defendant J. E. Hale without the knowledge, consent, or approval of the vendees named in the written contract between them and the legal title holder of the lands described therein; that said deed

was sent to the defendant Hart from the First National Bank of Shenandoah; that the said Hart refused to accept said deed (and by letter so notified the grantor Hale), because the deed was not in accordance with the terms of the written contract for the conveyance of said land; and that the said defendants Hart and Taylor were not bound by any of the recitals of said deed, as it was totally repudiated and returned to the party by whom it was sent, after being recorded by the said Hale without the knowledge or consent of the defendant-vendees.

It is the further claim of the defendants Hart and Taylor, and so alleged in the answer, that the written contract between Hale and Kirkham, on one side, and Hart and Taylor, on the other, was an agreement "to exchange equities in certain lands in Nebraska for the equities owned by Hale and Kirkham in Iowa lands," and that at no time did the defendants Hart and Taylor ever agree to pay off and discharge, as a part of the purchase price of said lands, the notes described in plaintiff's petition, which plaintiff alleges are secured by a mortgage upon the lands in Decatur and Ringgold Counties.

The written contract in evidence expressly provides for an exchange of properties, and that said properties were to be exchanged subject to the respective incumbrances. An exchange of equities was intended, and parol evidence of a quite conclusive character was introduced, to prove the intent of the parties to the written contract.

It is the real contract between the parties that is controlling in cases of this character. There was no assumption of the mortgages in controversy, and the mere insertion of an assumption clause in a deed by the grantor (if it be assumed to be such), without the knowledge or the consent of the grantee, cannot be binding upon the grantee when repudiated forthwith by the latter. As said in *Peters v. Goodrich*, 192 Iowa 790:

"Notwithstanding the recitals in the warranty deed, it was available to the appellee to show the true contract between him and his grantor, as against appellant. He not only could show this where said contract was evidenced in writing, but it was available to him to establish by parol the true contract between the parties, as against the claim of the mortgagee. In an action brought by the mortgagee, who was a third party seeking to assert rights under the assumption clause in the deed, the ap-

pellee was entitled to prove the real contract between himself and his grantor, and to establish this by parol, even though it varied or contradicted the recitals of the deed. Such is the established rule in this state."

It is said in *Dimmitt v. Johnson*, 199 Iowa 966:

"Whose obligation was it? Was it an obligation of the purchaser's, as well as one of the mortgagor's,—that is, was there any contract, express or implied, between the Johnsons, as vendor-mortgagors, on the one hand, and the purchasers, Bonnifield and the Hutchison estate, on the other, that the purchasers would pay the mortgage?"

In *Shult v. Doyle*, 200 Iowa 1, an assumption contract was involved. It is said:

"As to the plaintiff herein, his rights are subordinate to the real agreement entered into, as between the defendants. His rights are purely legal. They do not arise out of any equity. They spring alone from the express agreement of the parties, made in his behalf as a third person. *Peters v. Goodrich*, 192 Iowa 790. The cause of action thus created in his favor is a bit of legal grace; it cost him nothing; it simply fell upon him, without effort or knowledge on his part. He is entitled to it, such as it is. He has no ground of appeal to equity, either to expand it or to prevent its shrinkage. Nor is his plea of estoppel available to him, as against the very truth."

The instant plaintiff was bound to know that the assumption of the indebtedness in the deed was not conclusive, but was subject to explanation and to any defense existing in favor of the defendants Hart and Taylor against the prior parties with whom they had dealt. *Guarantee Mtg. & Fin. Co. v. Cox*, 201 Iowa 598.

There is no estoppel in this case. The filing for record of the deed, under the circumstances, without the approval of the grantees, and without their knowledge or consent, was a fraudulent act. The grantees did all that they were required to do when apprised of what had been done by the grantors. It was upon the grantors to act in conformity with the written contract, and it was not the privilege of the grantors to impose an obligation upon the grantees not intended or contemplated by the contract upon which the deed was based.

The trial court properly dismissed the petition of the plain-

tiff as to the defendants Hart and Taylor, and the decree entered is—*Affirmed.*

All the justices concur.