PORT HURON MACHINERY COMPANY, LIMITED, Appellee, v. FRED WOHLERS, Appellant.

NOVEMBER 13, 1928.

REHEARING DENIED FEBRUARY 15, 1929.

*Havens & Elston*, for appellant.

*Strock, Cunningham, Sloan & Herrick*, for appellee.

DE GRAFF, J.—This case involves an alleged contract containing a stipulation for liquidated damages. If a contract did  result, there can be no question that the plaintiff is entitled to recover, since the terms of the alleged contract clearly fix the amount recover-

able by plaintiff in case of a breach. See *Pace v. Zellmer*, 194 Iowa 516.

This appeal presents but one question. It is a question of law, and calls for the statement of the applicable legal principle. But, like every other case, the governing principle arises out of a fact situation. It is said in *Steffes v. Hale*, 204 Iowa 226:

"It is almost a legal maxim that 'out of the facts the law arises,' since, if there be no state of facts, there can be no question of law."

We necessarily first turn to the factual side.

On July 18, 1927, a written order signed by the defendant was delivered to plaintiff's agent, and in that order the plaintiff was directed to deliver immediately, or as soon thereafter as possible, to the defendant on board cars, consigned to the order of plaintiff, at Neola, Iowa, defendant's place of residence, certain described goods (farm machinery). The order further states that the defendant will receive the machinery, pay the freight charges, and also pay to the plaintiff, on or before the arrival of the machinery, the sum of $1,562.50, in the manner and form recited in the order. Further:

"If, for any reason, the purchaser fails to accept and settle for the machinery order, he will, if the company so elects and demands, pay to the company, in lieu of the enforcement of this contract, as liquidated damages, a sum equal to ten per cent of the list price, and, if shipment has been made, freight from the factory and return, demurrage, cartage, loading and unloading expense and all other similar expenses actually incurred by reason of the shipment and attempted delivery of said machinery; if suit is commenced to enforce the performance of any part of this contract the purchaser agrees to pay a reasonable attorney's fee."

The plaintiff's agent immediately, upon the signing of this order by defendant, telephoned the plaintiff at Des Moines the receipt of the order, and requested that the goods be loaded and sent forthwith to the defendant. On July 20, 1927, the plaintiff filled the order in accordance with its terms, and shipped the goods. On July 22, 1927, the plaintiff received a telegram from the defendant, bearing date July 21st, which said: "Delivery

date specified on thresher deal now past and order is hereby cancelled.'' The plaintiff, as a result of defendant's attempt to revoke and cancel the order, and his refusal to accept the goods, was obliged to recall the goods and reship them to the point of delivery, thereby incurring certain expense, which was established by competent proof upon the trial of this case. True, the defendant in his answer alleged a condition precedent, but the allegation continued to rest in the answer. It finds no support in the evidence. When the plaintiff rested its case, motions for a directed verdict were made respectively by the parties. The plaintiff's motion was sustained. The question, therefore, at this point is whether the plaintiff established a prima-facie case. The contention of the defendant on appeal is that the plaintiff failed to prove a contract, for the reason that there is no showing that the plaintiff accepted the offer of the defendant and communicated the acceptance of the offer prior to its revocation by the defendant.

The point is now reached that we may discuss the law involved, under the undisputed facts. Did a contract result? It is not practicable, nor is it necessary, in a definition of contract, to state all of the operative facts or all of the legal relations that are created by such facts. A contract may be defined as a promise, the performance of which the law recognizes as a duty, and for a breach of which a remedy is given. A contract, therefore, does not contemplate simply the act of promising, but obligations arising therefrom. The law recognizes, as a matter of classification, two kinds of contracts,—unilateral and bilateral. In the case at bar, a typical example of unilateral contract is found, since it is universally agreed that a unilateral contract is one in which no promisor receives a promise as consideration; whereas, in a bilateral contract, there are mutual promises between the two parties to the contract. This matter of definition has recently received careful consideration by the American Law Institute, and may be found in the Restatement of the Law of Contracts, Proposed Final Draft No. 1 (April 18, 1928), 17, Section 12.

In the instant case, the offer of the defendant must be viewed as a promise. It is promissory in terms. The rule is well stated by Professor Williston: A promise which the promisor should reasonably expect to induce action or forbearance of a definite

and substantial character on the part of the promisee, and which does induce such action or forbearance, is binding if injustice can be avoided only by enforcement of the promise. See 1 Williston on Contracts, Section 139. Clearly, the instant offer, signed by the defendant, was of this character. Appellant, however, contends that there was no acceptance of the offer. Words are not the only medium of expression of mutual assent. An offer may invite an acceptance to be made by merely an affirmative answer, or by performing a specific act. True, if an act other than a promise is requested, no contract exists until what is requested is performed or tendered, in whole or in part. We are here dealing with a unilateral contract, and the act requested and performed as consideration for the contract indicates acceptance, as well as furnishes the consideration. The sending of an order for goods to a merchant is an offer of a promise for an act. 13 Corpus Juris 266, Section 57. In the same text it is said that an acceptance of an offer may be by acts, as where an offer is made that the offerer will pay or do something else, if the offeree shall do a particular thing. In such a case, performance is the only thing needful to complete the agreement and to create a binding promise. Ibid. 275, Section 73. It must be kept in mind that there is a distinction in regard to communication of acceptance between offers which ask that the offeree *shall do* something, as in the instant case, and offers which ask that the offeree *shall promise* something. In offers of the latter kind, communication of the acceptance is always essential. Ibid. 284, 285, Sections 88, 89.

The decisions of this court are in accord with the general rule. In *Hankins v. Young*, 174 Iowa 383, it is said:

"In the case of an order for goods, the delivery of the goods in pursuance of the order is an acceptance of the order."

To the same effect is *Petroleum Prod. Distributing Co. v. Alton Tank Line*, 165 Iowa 398; *Rock Island Plow Co. v. Meredith*, 107 Iowa 498; *McCormick Harv. Mach. Co. v. Markert*, 107 Iowa 340. Pertinent language is used in *McCormick Harv. Mach. Co. v. Richardson*, 89 Iowa 525, wherein it is said:

"We do not say that the acceptance must be a formal one. The acceptance might be shown by proving an act done on the faith of the order, such as the shipment of the goods ordered."

An especially clear expression of the rule is found in *Mc-Dermott v. Mahoney*, 139 Iowa 292, wherein the written instrument was recognized and held to be a unilateral contract, as it was signed by one party only, and by him delivered to the other, and accepted as a contract between the parties. It is said:

"Where a written agreement signed by one party is accepted and adopted by the other, and acted upon, it becomes their contract, in the same sense as though both parties had signed it."

See, also, *Reynolds v. Johnson*, 199 Iowa 1055.

A typical case adopting the same rule is *Kingman & Co. v. Watson*, 97 Wis. 596 (73 N. W. 438). See, also, notes in 19 A. L. R. 476 and 29 A. L. R. 1352.

Certain cases are cited by appellant in brief, but they are distinguishable from the case at bar on the fact side. For instance: In *Thompson & Sons Mfg. Co. v. Perkins & Son*, 97 Iowa 607, the order was given in November, 1892, for goods to be shipped February 14, 1893. The offeree made no acceptance, either formal or by shipment, and, two weeks before shipment date, the offer was revoked. The revocation was held legally permissible, under the facts. The same is true in *Hargrove v. Crawford*, 159 Iowa 522; *Durkee v. Schultz*, 122 Iowa 410; *Doll & Smith v. A. & S. San. Dairy Co.*, 202 Iowa 786.

The instant appeal primarily has an educational value. The applicable legal principle is well settled, on both reason and authority. The judgment entered by the trial court is—*Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.