## Martin & Co. v. William L. Wilms.

1. Order for Goods—*Subject to Approval—Right to Countermand Before Acceptance.*—Appellee gave appellant's agent an order in writing for binding twine, subject to their approval. The clause, "subject to approval," left it open to appellants to refuse the order, and if before notice of acceptance, and within a reasonable time, the appellee withdrew the order, the parties were placed in *statu quo.* He had the right to countermand the order before advised of its acceptance.

Assumpsit, for goods sold. Appeal from the Circuit Court of Menard County; the Hon. Cyrus Epler, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

T. W. McNeely, attorney for appellant.

Blane & Blane, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.

On the 11th of November, 1893, the traveling agent of appellant, located at Peoria, Ill., called on appellee, located at Petersburg, Ill., for the purpose of selling him a quantity of binder twine.

The interview resulted in appellee signing the following order:

"Subject to the approval of Martin & Co.

                              Petersburg, Ill., 11–24, 1893.

Messrs. Martin & Co., Peoria, Ill.:

Please ship me to Petersburg, Ill., on or about May 1, '94, via J. & S. E.:

 60 bales White Sisal binder twine, at...7¾ per lb.
 60 bales Standard G. G. binder twine, at.. 8 per lb.
 " bales binder twine at............... " per lb.

Martin & Co. v. Wilms.

For which I agree to pay cash on receipt of same, or execute my note, with exchanges payable as follows:   September 1, '94, with privilege on one-half to October 1, '94, 7 per cent interest from September 1st.

WILLIAM L. WILMS.

F. O. B. cars, Petersburg, Ill.

Send sample bale of each as soon as possible."

This order was sent in by the agent and was entered in the order book of appellant, but no response was sent to the appellee.

On the 11th of December, appellee having heard nothing from appellant, wrote the latter canceling the order, to which appellant promptly replied that the order could not be so canceled but would be filled according to contract when the time arrived, to which appellee responded that he wished it understood the order was canceled and that he would not receive the twine, and appellant replied that the twine would be shipped according to the order.   It was so shipped and arrived at Petersburg, May 1, 1894, but appellee refused to receive it and this suit was brought—which, being tried by the court without a jury, was decided in favor of appellee.

The judgment is clearly right.

The clause " subject to approval of Martin & Co.," the order being taken by an agent, left it open to Martin & Co. to refuse the order, and if, before any notice of acceptance had been given and within a reasonable time, the appellee withdrew it, the parties were placed in *statu quo.*

The order was not to be filled for several months, but appellee had a right to know whether it was accepted or not, and might countermand before advised of acceptance.

The clause in question was evidently for the purpose of enabling appellant to reject, even though its agent had agreed upon the terms, and was notice to appellee that what the agent had done was subject to the final action of the principal.

Cases and authorities cited are not in point because of essential difference in the facts.   The judgment is affirmed.