(113 N. W. 602.)

---

COLEAN MANUFACTURING COMPANY, A CORPORATION, v. LOUIS BLANCHETT.

Opinion filed Oct. 15, 1907.

**Sale — Delivery on Trial — Oral Modification of Written Agreement — Agent's Authority.**

Defendant signed and delivered to plaintiff's agents a written order for certain machinery, to be delivered on conditions specified therein. The order was an offer to purchase which became an absolute contract of sale after acceptance. Plaintiff was ready to deliver the machinery under the order, but defendant refused to accept it unless he was given an opportunity to test the working of the machine by a trial. Plaintiff's agents entered into a new contract with defendant under the same terms as embodied in the order, except that defendant was given the right to test the working of the machine, which was accordingly delivered to defendant. Under these conditions, defendant gave plaintiff his notes and martgage security, which were to be left with a bank; delivery thereof to abide the event of the trial. The machine did not work satisfactorily and was returned to plaintiff. Plaintiff brings this action to foreclose the mortgage, claiming an absolute delivery of the machine.

*Held*:

(1) That there was no delivery of the machine under the written order.

(2) That the delivery of the machine was under the oral contract, which was subject to conditions.

(3) That the question of the authority of the agents to modify a written order is not involved in the case.

(4)   That the notes and mortgage never became a contract binding on the defendant.

(5)   That the title to the machine contracted to be sold did not pass to the defendant as the delivery was conditional.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by the Colean Manufacturing Company against Louis Blanchett. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Turner & Wright,* for appellant.
*Murphy & Duggan,* for respondent.

MORGAN, C. J.   This is an action to foreclose a chattel mortgage given to secure three promissory notes for an aggregate sum of $3,165.  The answer sets up certain matters in defense and three separate counterclaims.  Two of the counterclaims were disallowed by the trial court, and the defendant does not dispute the correctness of the refusal to allow them.  The trial court dismissed the plaintiff's action and allowed a judgment upon one counterclaim for the value of a secondhand threshing rig which the defendant turned over to the plaintiff in part payment for the new threshing machine and attachments, for which the notes and mortgage in suit were given, which said second-hand threshing machine, it is claimed, was wrongfully converted to its own use by the plaintiff.   The principal defense interposed by the defendant is that he did not make an absolute purchase of the new machine, but that it was delivered to him for trial only, and, if found on such trial not to do satisfactory work in all respects, then the machine was to be returned to plaintiff and the notes and mortgage to be returned to defendant.   The trial court found for the defendant upon the principal issue raised by the answer, and gave judgment for the defendant for the sum of $948.76 on the counterclaim.   The plaintiff appeals and requests a review of all the evidence on a trial de novo under section 7229, Rev. Codes 1905.

The pivotal facts in the record may be summarized as follows: On June 22, 1905, the defendant signed an order for the purchase of a threshing machine and attachments from the plaintiff.  Under the provisions of the order, it was subject to approval  by  the

plaintiff at its home office in Peoria, Ill. The outfit was to be delivered to the defendant at Grand Forks on or about July 20th. This order for the machine provided for payment of freight by defendant, the giving of notes and mortgage by him for the purchase price, the turning over of the second-hand machine upon the delivery of the new machine, and the order contained a warranty that the new machine would do good work and the usual conditions to be complied with by defendant in case the machine did not fulfill the terms of the warranty. The evidence shows that the plaintiff was ready and willing to deliver the machine under the order, and that the order was in effect accepted by the plaintiff at the home office. The order negatives any contention that the machine was taken on the condition that it was to be tried before final acceptance. The order was an absolute order and contained no conditions except the conditions connected with the warranty provisions. Prior to the delivery of the new machine to the defendant, and prior to the delivery of the second-hand rig to the plaintiff, the defendant claims that a new contract was entered into between him and the plaintiff through its agents, being the same agents that had negotiated the contract evidenced by the order. This new contract was oral and provided for a sale on the same terms contained in the order, excepting that the defendant was to have the right to try the machine and return it if it did not do satisfactory work and as good work as like machines usually do. Defendant testifies that the notes and mortgages were signed on August 23d on this express condition, and that they were not to be delivered to plaintiff at all until after a satisfactory trial, but were to be placed in some bank in Grand Forks for final delivery to plaintiff or defendant, dependent upon the result of the trial. The defendant testified that this oral contract was made in the presence of two of plaintiff's agents, one of whom had died before the trial. The other agent testified positively that no new contract was entered into when the notes and mortgage were signed. The defendant also testifies that he was to have the right to test the machine before acceptance under the contract embodied in the order. He insists that the agent agreed to a trial when the order was signed, but the order did not contain any provision for a trial. Hence there is a square conflict between defendant and plaintiff on the main issue at the trial; one witness testifying positively the one way, and the other as positively the

opposite. The trail court found that the defendant was entitled to belief. The plaintiff's witness is conclusively shown to have been mistaken as to other matters to which he testified in conflict with defendant, and defendant was thoroughly corroborated, as to such other matters; that is, whether the machine did good work or not. Although it is a difficult and embarrassing question of fact to determine, not having seen the witness while testifying, we are satisfied, however, that the defendant has told the truth and should be believed. The defendant was relying on a trial before acceptance of the machine, and insisted on it every time the plaintiff's agents approached him for a settlement; that is, the signing of the notes and mortgage. He was a man experienced in handling certain kinds of threshing machines, but was not familiar with those manufactured by the plaintiff. To insist on a trial under these circumstances would seem perfectly natural and reasonable. Under these circumstances, we have no hesitation in saying that the evidence sustains defendant's contention, thereby agreeing with the conclusion of the trial judge, who had the benefit of the presence of the witnesses before him while testifying.

It is true that the defendant gave notices to the company of the failure of the machine to work in the mode provided for in the order and did some other things that would indicate that he was endeavoring to comply with the terms of the written order. We do not think that these facts show that there was no oral contract. The written contract contained a warranty, and defendant had in his hands a copy thereof, which specified what should be done by defendant in case of a breach of the warranty. Under the oral contract, also, the machine was warranted to do good work. Although it was not incumbent on defendant to serve these notices under a delivery for trial purposes, still it is not a fact that shows that there was no oral contract. The defendant might well have thought it necessary to gives these notices, although under the oral contract it was not necessary. The defendant returned the machine after thorough trial and demanded his notes and the delivery to him of the second-hand machine which had been delivered to plaintiff, and that is all that he was required to do.

It is claimed by appellant that the machine worked well and fulfilled the warranty. On a careful review of the evidence, we are satisfied that it is amply shown that it did not. No useful purpose

would be subserved by reviewing the evidence. The defendant gave it a trial in good faith and was not satisfied. The defendant also testifies positively that the machine did not do as good work as other machines. It was therefore established that the warranty failed in all its terms.

The plaintiff presents the following propositions of law as fatal to defendant's contentions: (1) The defendant, having pleaded one contract, cannot recover upon another and wholly different contract. (2) A written contract cannot be changed by a subsequent oral agreement, unless the subsequent agreement is wholly executed. (3) The plaintiff is not bound by any oral agreement or understanding made by its salesmen at the time of the delivery of the machinery, in conflict with the terms of the written order, not brought to the knowledge of the plaintiff and agreed to by it. The answer, it seems to us, alleges the making of a contract for a test of the machine and for the surrender of the notes in case the trial did not show that the machine worked satisfactorily or was as good as other machines. The written order had nothing in it showing that the machine was to be accepted conditionally for trial purposes. The answer also pleads a compliance with the conditions imposed by the written order as to the breach of the warranty. The answer contains sufficient allegations to admit of proof under both the written order and the oral contract. We do not deem this a very material question, as we are satisfied that an oral contract was made after the written order was signed, but before the sale become completed by a delivery of the machine thereunder.

It is true that a written contract cannot be varied by parol, unless executed by the parties after its terms have been varied by agreement; but that principle has no application here under our holding that the machine was delivered for trial only under the oral contract. The appellant insists, however, that the plaintiff's agents had no authority to make a new contract or to modify the terms of the written order, and that defendant had knowledge of the restrictions upon the agents' authority, as such restrictions were printed on the written order which had been signed by defendant. The machine was not accepted by defendant under the written order. It was accepted under a new and independent contract. As to the authority of the agent to make a new contract, we think that what is said in Nicols & Shepard Co. v. Paulson, 6 N.

D. 400, 71 N. W. 136, is applicable and decisive of this point, which is as follows: "Plaintiff claims that the general agent had no authority to make such contract, as Spearing well knew by directions to agents printed upon the contract which he had signed. We may grant that to be true. Nevertheless, the fact remains that Spearing refused to receive the outfit upon any other terms than upon trial. If the contract that he had signed and left with the general agent had been in fact delivered, so as to become operative, then this refusal was a direct breach of such contract. Such contract was executory, and no title to the property passed until the buyer accepted it. Rev. Codes, section 3553. The refusal to accept may have given plaintiff a right to recover damages, but the property remained the property of the seller, and the title to the second-hand engine that was to be given in part payment remained in the buyer. These conditions existing, the local agents delivered the outfit to Spearing upon trial, in accordance with what he insisted was the contract. Such delivery was, of course, conditional, and passed no title. Plaintiff insists that the local agents were, to the knowledge of Spearing, unauthorized to make such conditional delivery. This may be granted. It may be true that plaintiff might have retaken the outfit immediately upon such delivery. But that fact could not convert the conditional delivery that was made into an unconditional delivery that was not made. It could not cast upon the buyer title to property that he refused to accept."

It is claimed that Reeves & Co. v. Corrigan, 3 N. D. 415, 57 N. W. 80, is decisive of this case. We do not think so. In that case, it was undisputed that the machine was unconditionally delivered under the written order. On the trial the defendants were permitted to show facts that varied the written order and concerning which the agents had no authority to make. This was held to be erroneous, and we think properly so. In this case, however, the written order was not complied with at all, but repudiated for the reason that defendant claimed that he had a right under the original negotiations to test the working of the machine. Upon defendant's repudiation of the order, a new contract was entered into, and the defendant was given the right to do what he claimed should have been included in the written order. This is clearly distinguishable from the Corrigan case, just cited. The question as to the authority of the agents to modify the written order does

not therefore become relevant or material in this case. So far as delivery of the machine is concerned, it never became binding on defendant under the written order, as delivery was made under another contract. The fact that defendant served notices in seeming compliance with the written order does not affect this question, although properly in the case for reasons considered as bearing on another point.

The judgment is affirmed. All concur.

FISK, J., being disqualified, did not sit in this case; JOHN F. COWAN, judge of the Second Judicial District, sitting by request. (113 N. W. 614.)