## J. L. OWENS COMPANY v. BEMIS et al.

(— L.R.A.(N.S.) —, 133 N. W. 59.)

**Secondary evidence of contents of document — notice to produce original**

1. There is a well-recognized exception to the general rule that notice to produce must be given before secondary evidence will be received as to the contents of a letter or other written document in the possession of the adverse party. Where the pleadings clearly disclose that proof of such document will be necessary at the trial, notice to produce it is unnecessary.

**Coutermanding order.**

2. Until there has been an acceptance of a written order for machinery to be shipped to the purchaser at a future date, the latter is at liberty to countermand such order, as the same, until acceptance, does not constitute a contract, but merely an offer or proposal to purchase.

**Sale — cancelation of order.**

3. Defendants' letter to plaintiff, countermanding such order, was as follows: "Cummings, N. Dak. 1/4, 1908. J. L. Owens Co., Mpls. Minn. — Gentlemen: Please cancel our order of Aug. 10–07. Resp. yours, Bemis &

Note.—The authorities on the right to withdraw order given agent before acceptance by principal are collated in a note 10 L.R.A.(N.S.) 1138.

Wilsie." *Held,* a sufficient cancelation of such order, and withdrawal of the offer or proposal to purchase therein contained.

Opinion filed October 26, 1911.

Appeal from District Court, Traill county; *Charles A. Pollock,* J.

Action by J. L. Owens Company against Vera C. Bemis and another, doing business as Bemis & Wilsie. From a judgment for defendants, and from orders denying motions for judgment *non obstante veredicto* and for a new trial, plaintiff appeals.

Affirmed.

*Turner & Murphy,* for appellant.

*P. G. Swenson,* for respondents.

FISK, J.   Action to recover the purchase price of certain grain-cleaning machinery claimed by plaintiff to have been sold by it to defendants in the fall of 1907. Such sale is expressly denied in the answer, and defendants' contention is that they merely gave to plaintiff's agent an order for such machinery amounting to a proposal to purchase, and before the same was accepted by plaintiff they countermanded such order.

At the conclusion of all the testimony, both parties moved for a directed verdict, whereupon the trial court granted defendant's motion, and judgment was entered pursuant to the verdict directed by the court. In due time plaintiff caused a statement of the case to be settled, embracing proper specifications, and thereafter moved for judgment notwithstanding the verdict, or for a new trial, which motions were denied, and this appeal is from the judgment and also from the orders denying such motions.

Appellant's assignments of error all relate to the correctness of the rulings aforesaid, and the pivotal question in the case is as to whether the order for such machinery constituted a completed contract of sale and purchase, or merely, as claimed by defendants, an offer on their part to purchase the same upon the terms therein stated. Appellant also claims that there was a prejudicial error committed by the trial court in the admission in evidence, over its objection, of Exhibit 1, being a copy of a purported letter claimed to have been sent by defendants to plaintiff on January 4, 1908, countermanding the order for such machinery.

Before noticing appellant's contentions, a brief statement of the facts will be made. In the fall of 1907, defendants, dealers in hardware, etc., at Cummings, gave to one Kuhnley, plaintiff's traveling salesman, the following order:

Order No....... Date, Aug. 10, '07.

J. L. Owens Co., Mpls. Minn.

Ship to Bemis & Wilsie.
At Cummings, N. D.
How ship: Freight.    When: Feb. 1, 1908.
Terms: 60 days from invoice 3 per cent 10 days.

| | | |
|---|---|---|
| 3 No. 1 Men. Sup. .......... $14.50 each ............. | 43.50 |
| 3 No. 2 Men. Sup. .......... 18.50 ................ | 55.50 |
| 1 No. 2 Bagger ............ 4.00 ................ | 4.00 |

Complete with

| | |
|---|---|
| 1 No. 1 Macaroni ................................ | 2.00 |
| 1 No. 2 Macaroni ................................ | 3.00 |

Wheat, oats, barley, flax, timothy, clover attachments.
Screen, sieves, 8x8,—9x9,—2x11.

Total ...................................$108.00

By S. M. Kuhnley.

Bemis & Wilsie, per V. C. B.

Such order was solicited from defendants by the said Kuhnley, and the same was signed by him and by defendants at the time the order was given. Thereafter, and until January 4, 1908, no communications took place between the parties regarding such order, but on the latter date defendants claim that they mailed to plaintiff a letter as follows:

Cummings, N. Dak. 1/4, 1908.

J. L. Owens Co., Mpls., Minn.
Gentlemen:—Please cancel our order of Aug. 10—07.

Resp. yours,
Bemis & Wilsie, R. M. W.

It is conceded that on January 8th plaintiff wrote defendants as follows:

Minneapolis, Minn., Jan. 8, 1908.

Messrs. Bemis & Wilsie,

  Cummings, N. D.

Gentlemen:—

We have yours of the 4th, desiring us to cancel your order of Aug. 10th, 1907, and will say, gentlemen, in answer that we have investigated this order and find that the order is a signed order, without any provision or condition under which you could cancel same, and we fail to see in what light we would be justified in doing so. Of course, we wish it understood that we desire to do all that is proper and right, and meet our customers in their demands where we can possibly do so, but in this case we think it would be detrimental to yourselves as well as to us, for we surely can prove to you that we have the goods that will do what we claim for them, and will get the business in spite of any competition that you might have. We know that we have a machine that can be sold at the right price, and that no machine, no matter what it is, can compete with it when it comes to doing the work in all kinds of grain and seed. And under the circumstances we cannot consent to cancel the order, but will consent to give you such help, with one of our travelers, as you desire in starting the machines and the trade in your territory, and proving to you what we claim above, which we believe you yourselves will agree is entirely fair, and that our stand in consequence of same is not more than what you could ask or would do were you in our position.

We beg to remain,

Yours truly,

J. L. Owens Company.

Notwithstanding defendants' attempt to countermand such order, plaintiff shipped such machinery to defendants from Minneapolis, on January 24, 1908, but, defendants refusing to receive the same, it was later sold by the common carrier to satisfy its lien for freight and storage charges.

In the light of the above facts, we are required to determine the correctness of the trial court's rulings complained of.

Appellant's first contention is that it was error to admit in evidence the copy of the letter claimed to have been written by defendants to plaintiff on January 4th, countermanding the order; the point being that no proper foundation was laid for the introduction of such secondary evidence. A notice to produce the original of such letter was not served on plaintiff's counsel until the afternoon of the day preceding the trial, and appellant's counsel contend that this was insufficient notice. We are agreed that there was no error in the ruling of the trial court. A notice to produce such letter was unnecessary. Defendants had a right to assume that plaintiff would have such letter at the trial. The answer furnished plaintiff with sufficient notice that the same would or might be required at the trial. Nichols v. Charlebois, 10 N. D. 446, 88 N. W. 80. In disposing of a similar question, this court there said: "The general rule is that notice to produce must be given before secondary evidence can be received as to the contents of a written document in the possession of the adverse party, but there is a well-settled exception to this rule. Where the issues framed by the pleadings necessarily disclose to the adverse party that proof of the document will be necessary at the trial, it is well settled that notice to produce the document is not necessary in order to admit secondary evidence of the contents of such document, in case the original is not produced. The adverse party is bound to take notice from the pleadings that the production of the document at the trial is required, and in case it is not produced secondary evidence must be resorted to. The answer in this case necessarily informed the plaintiff that the defense relied upon was a breach of the warranty, and therefore the plaintiff was bound to know that, in proving such defense, the defendant would necessarily be required to prove the contents of the notice sent in this registered letter. The reason for the rule requiring a notice to produce the original, therefore, did not apply. See 1 Jones, Ev. ¶ 24; Kellar v. Savage, 20 Me. 199." See 2 Wigmore, Ev. § 1205.

Appellant's next contention is that the order for this machinery constituted a contract of sale between the parties, but we think such contention unsound. The fact that plaintiff's soliciting agent, as well as defendants, signed their names at the bottom of the order, in no manner tends to lend support to appellant's theory. It is, we think, entirely clear that such instrument constituted a mere offer or proposal on de-

fendants' part to purchase such machinery, and that, until accepted by plaintiff, the same would not become a binding contract. The plaintiff was in no manner obligated to accept such order, and until it did so in fact, and notified defendants thereof, the latter were at liberty to countermand the same. It is not contended that plaintiff, prior to January 8, 1908, notified defendants of its acceptance of such order, and it is conceded that such machinery was not delivered to the common carrier for shipment until long after defendants' letter had been received by plaintiff, countermanding the order. That defendants had the right to cancel or countermand such order at any time prior to its acceptance by plaintiff is abundantly supported by authority. See 1 Mechem, Sales, 252; McCormick Harvesting Mach. Co. v. Richardson, 89 Iowa, 525, 56 N. W. 682; Reeves & Co. v. Bruening, 13 N. D. 157, 100 N. W. 241; Colean Mfg. Co. v. Blanchett, 16 N. D. 341, 113 N. W. 614; Hallwood Cash Register Co. v. Finnegan, 84 N. Y. Supp. 154; P. J. Bowlin Liquor Co. v. Beaudoin, 15 N. D. 557, 108 N. W. 545; McKindly v. Dunham, 55 Wis. 515, 42 Am. Rep. 740, 13 N. W. 485; Merchants' Exch. Co. v. Sanders, 74 Ark. 16, 84 S. W. 786, 4 Ann. Cas. 955; Bauman v. McManus, 75 Kan. 106, 10 L.R.A.(N.S.) 1138, 89 Pac. 15; John Mathews' Apparatus Co. v. Renz, 22 Ky. L. Rep. 1528, 61 S. W. 9.

In McCormick Harvesting Mach. Co. v. Richardson, 89 Iowa, 525, 56 N. W. 682, action was brought upon a written order for twine given to plaintiff's agent. The court says: "It does not purport to be a contract between the parties. By it the plaintiff was not obligated to do anything on its part. The plaintiff does not undertake, by the terms of the writing, to ship the twine on the proposed conditions. It is merely a request or a proposition from the defendant to the plaintiff that, if the latter will ship certain goods, he will pay a certain sum therefor at a fixed time. It may be said to be an order, but it lacks an essential element of a contract,—mutual assent. Being only a request or order, which required acceptance by the plaintiff to give it the force of a contract, it follows that it might be withdrawn or countermanded at any time prior to its being so accepted."

In McKindly v. Dunham, 55 Wis. 515, 42 Am. Rep. 740, 13 N. W. 485, the court said: "But the agent did not sell the goods, nor even contract to sell them. When the defendant had completed his transaction with Kilbourn, there had been no binding contract made, or any

sale, absolute or conditional. The defendant could have countermanded his order at any time before the goods were shipped, and the plaintiffs could have refused to accept the order. Neither party had become bound by anything then done. The order of the defendant was a mere proposal, to be accepted or not as the plaintiffs might see fit, and he could have withdrawn it before its acceptance."

In speaking of the character of such an order as established, by custom, the Kentucky supreme court, in John Mathews' Apparatus Co. v. Renz, 22 Ky. L. Rep. 1528, 61 S. W. 9, used the following language: "The custom of so doing business is of such long standing, so extensive, and so important in the commercial world, especially in the United States, that the courts will take notice of it. They have done so, and this court has. In the Charles Brown Grocery Co. v. Becket, 22 Ky. L. Rep. 394, 57 S. W. 458, we recognized in this state what appears to be the general rule in most or all of the states, quoting it in this language: 'In the absence of special authority to bind his principal, the drummer can merely solicit and transmit the order, and the contract of sale does not become completed until the order is accepted by his principal.' Any other construction of these transactions would tend to so materially hamper and cripple this important means of conducting mercantile business as to well-nigh destroy its effectiveness, now so generally understood, employed, and recognized."

We are entirely satisfied with the reasoning and conclusions announced in the foregoing authorities, and applying such rules to the case at bar required us to overrule appellant's contention to the contrary.

But one other point remains to be considered. Appellant's last contention is, in effect, that defendants' letter of January 4th "does not show a distinct, unequivocal, and unconditional withdrawal of the offer." It is true, no doubt, that such letter must meet these requirements, but we are entirely clear that it does; and plaintiff's letter in reply thereto clearly discloses that its officers thus interpreted it.

Finding no error in the record, the judgment and orders appealed from are affirmed.