## Simmons Motor Company, Appellant, v. Ruby B. Dudley, Appellee.

### Gen. No. 6,095.  (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. ROBERT W. OLMSTEAD, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action of replevin by the Simmons Motor Company, plaintiff, against Ruby B. Dudley, defendant, in the Circuit Court of Whiteside county, to recover possession of an automobile. From a judgment for defendant, plaintiff appeals.

There is practically no dispute as to the evidentiary facts. Plaintiff was the agent of the Lewis Motor

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Company, installing local agencies in Illinois and Indiana, and retailing cars in Chicago. A few weeks before the transaction in question it employed Clark as its agent to locate agencies in the State of Illinois, and to obtain orders from agents so procured for at least one car, for which he was directed to require a deposit of a certified check or draft, and send it, with the agency contract, to plaintiff who would ship a car to the local agent. The car in question was furnished Clark by plaintiff, with a chauffeur to drive and take care of it. The list price of the car was $1,600; dealer's price $1,250. The car was somewhat worn, the speedometer was broken, but showed it had run 2,300 miles, and plaintiff authorized Clark to sell it to a dealer for $1,175. Clark was provided by plaintiff with circulars, literature, letter heads and cards used in its business. He went out into the State and after doing some business, reached Sterling, Illinois, where defendant was employed as a stenographer for one Burleigh, manager of the Novelty Iron Works, there located. Burleigh had previous to that time written to plaintiff and to the company they represented with a view to purchasing a car for his own use. Clark visited Burleigh at his office and in the presence of defendant presented the business card of plaintiff on which was printed in the lower left-hand corner, "J. C. Clark, Territory Manager," which words, it seems, were printed there without the knowledge or consent of plaintiff. He stated he had called in answer to Mr. Burleigh's letters about the car, and produced a letter purporting to come from plaintiff and written on plaintiff's stationery, congratulating him on the fine work he was doing and instructing him to sell the car for "I. E. G." He named a price that he said those letters indicated, nine hundred and some odd dollars (the witnesses are not sure as to the exact amount), and said he would take the responsibility of shading it down to $835. Clark had procured a public stenog-

rapher to write this letter on plaintiff's letter head without plaintiff's knowledge or consent. Defendant, being present at the time of this transaction with Burleigh, and knowing what there occurred, called on Clark later the same day.

Defendant purchased and paid for the car, and Clark turned over the automobile to her. Plaintiff learned of the transaction when defendant wrote to it concerning defects and missing parts, on which a representative of plaintiff came to Sterling, and had conversation with defendant and Burleigh, after which this action was brought. There was a jury trial and a verdict for defendant.

PHILIP H. WARD and ALBERT J. W. APPELL, for appellant.

J. J. LUDENS, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 113*—*when principal not bound by acts of agent having authority to sell personalty.* The acts of an agent assuming to have authority to sell the personalty of the principal will not bind such principal unless he has actually given such authority, or held the agent out to the public as clothed with such authority, or has done acts which clothe such agent with apparent authority to sell such personalty.

2. PRINCIPAL AND AGENT, § 113*—*when agent no authority to sell samples.* A commercial traveler or other similar agent has *usually* no authority to sell his samples, such authority not being conferred simply by intrusting the possession of such samples to such agent.

3. PRINCIPAL AND AGENT, § 102*—*what duty imposed on person dealing with agent to ascertain authority.* A person dealing with an agent must use ordinary prudence and reasonable diligence where the character assumed by such agent is of a suspicious or unreasonable character, or if the authority sought to be exercised is of such an unusual or improbable character as to put an ordina-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

rily prudent man on his guard, and such person dealing with such agent may not shut his eyes to the obvious facts, but should either refuse to deal with such agent or ascertain the real state of the case from the principal.

4. PRINCIPAL AGENT, § 245*—*when question whether defendant in buying from agent exercised prudence to ascertain authority for jury.* In an action of replevin to recover possession of an automobile alleged to have been sold to defendant by an agent of plaintiff who had no authority to make such sale, the question whether defendant in dealing with such agent exercised ordinary prudence and reasonable diligence is a question of fact to be determined by the jury.

5. PRINCIPAL AND AGENT, § 245*—*when question whether sale by agent was of such unusual character as to put prudent person on guard for jury.* In an action of replevin to recover possession of an automobile alleged to have been sold to defendant by an agent of plaintiff, who had no authority to make such sale, the question whether the transaction between defendant and such agent was of such an unusual and improbable character as to put an ordinarily prudent man on his guard is a question of fact to be determined by the jury.

6. PRINCIPAL AND AGENT—*when evidence sufficient to sustain finding that purchaser from agent acted with prudence.* In an action of replevin to recover possession of an automobile alleged to have been sold to defendant by an agent of plaintiff who had no authority to make such sale, evidence *held* to show that defendant acted with ordinary prudence and reasonable diligence although she did not investigate to ascertain whether such agent had such authority, he having the automobile in his possession at the time of sale, and it appearing that such agent called on defendant's employer in answer to a letter to plaintiff in regard to such automobile, and there being no facts of a suspicious, unreasonable unusual or improbable character in regard to the transaction which ought to have put defendant on inquiry.

7. PRINCIPAL AND AGENT, § 102*—*when purchaser from agent not negligent in failing to ascertain want of authority of agent.* Where an agent who has no authority to sell an automobile which is in his possession offers it for sale to one who does not buy it, but the automobile is finally sold to one who acts on the information as to the authority of the agent which was possessed by the person to whom the automobile was first offered, such person cannot be held negligent in not ascertaining the fact of such agent's want of authority to make the sale if the person to whom it was first offered

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

would not have been held negligent had he purchased the car without ascertaining such fact.

8. Principal and agent—*when evidence sufficient to sustain finding that ordinarily prudent person would have made check for purchase payable to agent.* In an action of replevin to recover possession of an automobile alleged to have been sold to defendant by an agent of plaintiff, who had no authority to make such sale, where defendant, a stenographer, paid such agent the purchase price thereof in money and drafts payable to the order of such agent, *held* that there was no reason for disturbing a verdict for defendant in so far as it rested on a finding that an ordinary prudent man would have paid for the automobile in the way in which defendant paid, instead of drawing a check payable to the order of the principal as a careful business man would have done.

9. Principal and agent, § 131*—*when payment to agent taking order invalid.* Payment for goods ordered on future shipment is not valid as against the principal when made to a traveling salesman who takes orders for such goods.

10. Principal and agent, § 131*—*when agent implied authority to receive payment.* Generally an agent in possession of goods has an implied authority to receive payment therefor when sold by him.

11. Principal and agent, § 103*—*when purchaser charged with notice as to lack of authority of agent.* One dealing with an agent selling goods by sample is charged with notice that samples are not generally placed in the hands of the agent for sale.

12. Principal and agent, § 165*—*when principal estopped to deny lack of authority of agent to sell.* Although an agent cannot usually bind his principal beyond his authority, yet where the true owner of property holds out, or allows another to appear as being the owner or as having full power of disposition of the property whereby innocent third parties are led into dealing with such apparent owner, such third parties will be protected if they buy such property from such supposed owner, their rights in such case depending not on the actual title or authority of the person with whom they deal directly, but on the act of the owner which precludes him from disputing, as against such third parties, the existence of the title or power with which he has caused or allowed the party making the conveyance to appear to be invested.

13. Trial, § 150*—*when question of fact arises for jury.* Although in the trial of an action there is no dispute as to what the parties actually said and did in the transaction which gave rise to the action, yet where there are conclusions of fact to be drawn from the admitted facts there are still questions for the jury to determine,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

so that in such case it is not merely a question of applying the law to the facts.

14.  TRIAL, § 191*—*when evidence not sufficient to warrant direction of verdict.*  In an action of replevin to recover possession of an automobile alleged to have been sold to defendant by an agent of plaintiff, who had no authority to make the sale, evidence *held* not sufficiently clear to warrant the direction of a verdict, although there was no dispute as to what the parties actually said and did in the transaction on which the action was founded.

15.  REPLEVIN, § 123*—*when verdict not so clearly against weight of evidence as to indicate bias.*  In an action of replevin by a nonresident corporation to recover possession of an automobile alleged to have been sold to defendant, a woman, by an agent of plaintiff who had no authority to make the sale, judgment for defendant *held* not so manifestly against the weight of the evidence as to indicate that the jury were biased because plaintiff was a nonresident corporation and defendant was a woman.

16.  APPEAL AND ERROR, § 866*—*what abstract of record should contain.*  On appeal the appellant must present in his abstract of the record the matter relied on for reversal, as a reviewing court will not go into an examination of the record to see if errors have been committed in regard to matters not abstracted.

17.  REPLEVIN, § 147*—*when instruction as to authority of agent not misleading.*  In an action of replevin to recover possession of an automobile alleged to have been sold to defendant by an agent of plaintiff, who had no authority to make such sale, but where such agent had such automobile in his possession at the time the sale was made, and it appeared that defendant made no investigation as to such agent's authority before purchasing, an instruction telling the jury to inquire whether plaintiff, by its actions, justified defendant in thinking that such agent had such authority, *held* not misleading open to criticism, in that it did not direct the jury to inquire whether a "reasonably prudent man," or person described by some similar expression, would have been, under the circumstances named, justified in thinking such agent had such authority.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.