MONTRAY REALTY COMPANY vs. JOHN W. ARTHURS.

VENDOR AND PURCHASER—PROPOSAL TO BUY—WITHDRAWAL.

An application to the M. R. Company. "I hereby make application for" certain lots, "I agree to pay for lots $1,875, payable $200, $100 in note 60 days with application, balance payable * * * $30, monthly * * * it is understood and agreed that after acceptance by the M. R. Company, this contract cannot be canceled," with the accompanying check and notes— is a mere proposal to purhase, which before it is accepted, and notice thereof given, can be withdrawn.

(*March* 29, 1917.)

Judges BOYCE and CONRAD sitting.

*Harry Emmons* and *Levin Irving Handy* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, March Term, 1917.

ACTION OF ASSUMPSIT, No. 64, May Term, 1916.

Action by Montray Realty Company against John W. Arthurs on two promissory notes made by the defendant to the

order of the plaintiff.   On motion at the close of the testimony for binding instructions for defendant.   Verdict directed for the defendant.

At the trial, the defendant introduced evidence intended to show that false and fraudulent statements and misrepresentations were made to induce him to sign an application for the purchase of certain real estate and to give the notes sued on. The plaintiff offered evidence in rebuttal.   The facts and questions raised on the motion for binding instructions appear in the opinion of the court.

CONRAD, J., delivering the opinion of the court:

This is an action of assumpsit on two certain promissory notes made by John W. Arthurs, the defendant, on August 2, 1915, payable to the order of Montray Realty Company, the plaintiff; the first is for the sum of one hundred dollars, payable sixty days after date, and the other is for sixteen hundred and seventy-five dollars payable in instalments as follows: Thirty dollars on September 2, 1915, and thirty dollars on the second day of each month thereafter until fully paid, all with interest to date, at six per cent. per annum.

These notes together with a check for one hundred dollars to the plaintiff company, were delivered to a representative of the company, together with an instrument of writing entitled "Application," bearing the same date and hereafter called such.

"Application
"The Montray Realty Company
"No.————.   200 Fifth Avenue, Aug. 2, 1915.
"New York

"I hereby make application for two and one-half lots situated at Westbury, Town of North Hempstead, Long Island, State of New York.   Said lots being as per blue print, and which are now known as, and by lots numbers ½ lot 105, all lots 106 and lot 107 on Map No. 1 of Westbury, filed in the office of the Clerk of Nassau County, Mineola, Long Island, State of New York.

"The said lots guaranteed to be high and dry and will be conveyed free from all incumbrances.   Title to this tract has been guaranteed by the Lawyers' Title Insurance & Trust Company, New York.

"It is agreed that I shall pay no assessments for improvements on this tract for a period of one year from date and that thereafter assessments for improvements shall not exceed three dollars per year for each lot for a period

Opinion.

of four years, unless I undertake to erect any building of any kind on herein described lots. It is understood that I shall not be required to build upon said lots.

"I agree to pay for above lots $1875.00 payable $200, $100 in note sixty days with application. Balance payable at the rate of $30.00 monthly until paid in full.

"I also agree that if I make default in the payments as above set forth, or any one of them, for a period of sixty days after the same shall be due, that then and in that event, all of the deferred payments as above set forth shall at once become due and payable at your option.

"All payments to be made to the order of the Montray Realty Company. Payments to be made by check, draft or money order only. The Montray Realty Company will confirm number of lots, as designated above and assigned to me on this purchase.

It is further agreed when payment in full has been made, according to contract, a full covenant warranty deed shall be issued free of cost, in the name of

"John W. Arthurs.

("Write full given name.)

"The building restrictions in said deed to be uniform with that of deeds to other purchasers in this tract, said restrictions requiring that the property shall be used for residence purposes only, excepting the lots facing on Post and Maple Avenues.

"It is understood and agreed that after acceptance by the Montray Realty Company, this contract cannot be cancelled, and that its validity shall not be affected by any verbal or other agreements not contained herein. The purchaser acknowledges receipt of duplicate of this contract.

J. W. Arthurs,<br>"Applicant.<br>"Grain Dealer, Coal, etc.,<br>"Occupation.<br>"Kenton, Delaware.<br>"Address.

"Received on account $200.00.
    "S. E. Underhill, Representative.
"The Montray Realty Company,
    "200 Fifth Avenue, New York."

At the close of the testimony the court was requested by defendant's counsel to give binding instructions for the defendant.

The contention in support of the motion is that the said application shows on its face that it was to be accepted by the plaintiff company and that until such acceptance and notification thereof to the defendant, there was no completed and binding contract between the parties. The evidence is that the application was signed about noon of the day of its date, and that about 7:30 o'clock in the evening of the same day the defendant sent the following telegram:

"Kenton, Del. 8/2/15.
"The Montray Realty Co., 200 Fifth Ave., New York., N. Y.
"Cancel application given Underhill today for two and one-half lots.
J. W. Arthurs.
"JM. & RI.   7:30 P."


That on August fourth following, the plaintiff company sent
the following letter to defendant:

"August 4, 1915.
"Mr. J. W. Arthurs, Kenton, Delaware—
Dear Sir:—
We have received yours of August 2d and we have asked our Mr. Under-
hill who is here today to call and see you for the purpose of securing a more
complete understanding.
"We believe that the only way that you will be satisfied now with your
relations with our Company is for you to carry out your contract and pay the
notes which you have given.
"If you will do this we have every reason to believe that you will be glad
that you entered into this transaction.
"We think to accede to your requests now would not only be an injustice
to you but to all concerned and would be very poor business policy from any
standpoint.
Very truly yours,
"The Montray Realty Company,
"ERD/H.                                    By E. R. Dumont."


And again on August 10th, sent the following letter:

"August 10th, 1915.
"Mr. John W. Arthurs, Kenton, Delaware—
Dear Sir:
We have your order for two and one-half lots in Westbury, Long Island,
namely, Nos. 106 and 107 and one-half of 105, as shown on Map No. 1 of
Westbury.
"We acknowledge receipt of $100 on account, and your two notes for
the balance, $1775, with interest at the rate of six per cent. per annum, said
notes payable as follows: $100 due Oct. 1st, 1915; $1675 payable at the rate
of $30 per month beginning September 2d, 1915.
"We will execute a deed to the Westbury property and same will be held
for you in trust, and we guarantee its prompt delivery to you on completion
of your payments.

"We desire to thank you for the courtesy extended to our representative
and we hope to have the pleasure of seeing you in the near future.
"Yours very truly,
"The Montray Realty Company,
"Wm/H.                                    By Wm. Murray."


It was further contended that the character of the applica-
tion was a question of law for the court, and that whatever author-

ity the representative Underhill had in the premises it does not appear from the very terms of the application itself, that he made a contract with the defendant for the purchase and sale of the lots in question that was presently binding upon the defendant; that nothing whatever was done by him in the transaction to negative the legal contemplation of the application that it was to be accepted by the plaintiff company; and that the question raised respecting the meaning and legal signification of the application goes to the title of the notes sued upon.    The cases relied on are the following: *Brogden v. Metropolitan Ry. Co., L. R. 2 A. C.* 666; *Hebbs Case,* 4 *Equity Cas.* 9; *McCully's Adm'r v. Phœnix Mutual Life, etc., Co.,* 18 *W. Va.* 782; *Baird v. Pratt,* 148 *Fed.* 825, 78 *C. C. A.* 515, 10 *L. R. A.* (*N. S.*) 1116; *Bauman v. McManus,* 75 *Kan.* 106, 89 *Pac.* 15, 10 *L. R. A.* (*N. S.*) 1183; *J. L. Owens Co. v. Bemis,* 22 *N. D.* 159, 133 *N. W.* 59, 37 *L. R. A.* (*N. S.*) 232; *Weaver v. Burr,* 31 *W. Va.* 736, 8 *S. E.* 743, 3 *L. R. A.* 94; *Atlanta Buggy Co. v. Hess Spring, etc., Co.,* 124 *Ga.* 338, 52, *S. E.* 613, 4 *L. R. A.* (*N. S.*) 431 ; *L. A. Beeker Co. v. Alvey* (*Ky.*) 86 *S. W.* 974; *White v. Corlies,* 46 *N. Y.* 467; *Durkee v. Schultz,* 122 *Iowa,* 410, 98 *N. W.* 149; *Challenge Wind, etc., Co. v. Kerr,* 93 *Mich.* 328, 53 *N. W.* 555.

Counsel for the plaintiff contended that the application was in fact accepted by the plaintiff as evidenced by the following in the lower left corner of the application:

"Received on account $200.00.
   "[Signed]                                    S. E. Underhill,
                                               "Representative."

It was also contended "that the defendant made full settlement under the contract by giving his note for $1675, and also by the testimony of Underhill, the representative of the plaintiff company, that he then closed the deal with the defendant."

The language of the application is:

"I hereby make application for," etc. "* * * I agree to pay for lots $1875 payable $200; $100 in note sixty days, with application. Balance," etc. " * * * The Montray Realty Company will confirm number of lots as designated above. * * * It is understood and agreed that after acceptance by the Montray Realty Company, this contract cannot be cancelled, and that its validity shall not be affected by any verbal or other agreements not contained herein."

Opinion.

In the lower lefthand corner of the application is the following:

"Received on account $200.00.
"[Signed]                    S. E. Underhill, Representative.
"The Montray Realty Company,
  "200 Fifth Avenue, New York."

After the signature of the defendant to the application is the word "Applicant."

It is the opinion of the court that the application, in evidence in this case, together with the accompanying check and notes was not more than a proposal to the plaintiff company to purchase the lots therein mentioned, which the plaintiff company could either accept or decline and until acceptance and notification to the applicant, the defendant, the minds of the parties did not meet and no contract arose between them. Until acceptance by the plaintiff company and notification thereof to the defendant, the latter was at liberty to cancel or withdraw his application, and have a return of his check and notes given in the transaction.

The defendant revoked his proffer before acceptance. We are therefore constrained to instruct the jury to return a verdict for defendant.