## David Stahl and Jacob Stahl, copartners, trading as Stahl Brothers, Appellants, v. Loeb, Cooney & Loeb, Incorporated, Appellee.

### Gen. No. 23,474.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed December 24, 1917. Rehearing denied January 7, 1918.

## Statement of the Case.

Action by David Stahl and Jacob Stahl, copartners, trading as Stahl Brothers, plaintiffs, against Loeb,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Cooney & Loeb, incorporated, defendant, to recover $794.13 as damages for breach of a contract for the sale and delivery by plaintiffs to defendant of a carload of eggs. From a judgment for defendant, on a directed verdict at close of plaintiffs' evidence, plaintiffs appeal.

STEWART REED BROWN, for appellants.

EDWARD H. MORRIS, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 19*—*when offer of sale or purchase may be withdrawn.* An offer of sale or purchase of merchandise may be withdrawn at any time before the acceptance of the offer has been received by the offerer.

2. SALES, § 19*—*when offer of purchase is timely withdrawn.* Where defendant sent to plaintiffs a telegraphic offer for certain goods reading "Offer seven ten your track immediate shipment to New York. Answer," which plaintiffs accepted by telegraph, but before receipt of plaintiffs' telegram defendant telegraphed its withdrawal of its offer, *held* that the delivery of the withdrawal telegram to the telegraph company was a delivery to the plaintiffs and was in sufficient time to prevent the completion of the contract.

3. SALES, § 340a*—*when evidence of sale of refused goods at destination by seller is inadmissible.* In an action to recover damages for alleged breach of contract for the purchase by defendant of certain goods, evidence by plaintiffs that upon defendant's breach of the alleged contract plaintiffs instructed certain commission merchants at the destination of the shipment to sell the goods at once, that the goods were so sold, and that they netted a certain sum less than the offer made by defendant in the contract, *held* erroneously admitted, over objection, as evidence of plaintiffs' damage, as it failed to show that the goods were sold at the best obtainable price or that plaintiffs had used reasonable diligence to obtain such price.

4. EVIDENCE, § 221*—*inadmissibility of hearsay.* Evidence as to amount of plaintiffs' damage *held* inadmissible on its face because based upon matters of pure hearsay.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.