# Stimpson Computing Scale Company, Appellant, v. Herman Ehmsen, Appellee.

## Gen. No. 8,074.

1. SALES—*when offer to purchase may be revoked.* A written order for goods, which for acceptance requires shipment on the written acceptance by the seller, is a mere offer to purchase by the buyer, which may be revoked at any time up until the seller accepts by shipment or in writing.

2. AGENCY—*notice to agent as notifying principal.* Notice to an agent while acting in the scope of his authority and in reference to a matter over which his authority extends, is notice to the principal.

3. SALES—*how offer of purchase revoked.* A buyer's notice of his withdrawal of his offer to purchase goods, given to the seller's agent who had solicited his offer, is sufficient notice to the seller and effects withdrawal in case it is made before the seller has effected the stipulated acceptance of the offer by shipment or written acceptance.

4. SALES—*limit to sales solicitor's authority.* An agent who is only a solicitor of orders has no right to accept payment on goods to be shipped.

5. APPEAL AND ERROR—*when technically erroneous instruction will not cause reversal.* A technically erroneous instruction will not cause reversal of the judgment in a case in which there was no material issue of fact, if the court should have instructed a verdict for the appellee.

Appeal by plaintiff from the Circuit Court of Macon county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

WILEY & MOREY. for appellant.

MILLS BROS. & ARMSTRONG, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This appeal is brought to reverse a judgment of the circuit court of Macon county. The parties substantially agree in a statement of the facts, except in one minor detail. Appellee's statement more particularly details the facts which may have some bearing

upon the case, as contended by appellant, and, therefore, we adopt appellee's statement as follows:

In August, 1925, the appellee, who was the owner and manager of a grocery store at Decatur, Illinois, went away on a vacation and left his wife in charge of the store. He had in use in the store, when he left, a set of Toledo scales. His wife discovered that these scales were not giving the correct weight and called the inspector, who condemned the scales and suggested that she call a Mr. White about repairing them. She telephoned White and requested him to come out and repair the scales. White came to the store, had no tools with him and went back to his place of business to get his tools. When he returned he brought with him, not his tools, but a set of used Stimpson scales, saying that he would have to take the Toledo scales to the shop to repair and that they could use the old Stimpson scales while they were without the Toledo scales. White placed the old Stimpson scales in the store of appellee on his own initiative and without any suggestion on the part of the wife of appellee. All parties concerned distinctly understood that when the old Stimpson scales had served their purpose in the store of appellee White was to come after them and take them away. White did not take away the Toledo scales to be repaired at that time because the wife of appellee told him to leave them until appellee returned. Appellee returned on or about the 17th of August. White came to the store on or about the 2nd or 3rd day following appellee's return and on behalf of and as agent for appellant tried to interest appellee in the purchase of a set of new Stimpson scales. White called several times thereafter and finally on or about the 20th of August came to the store and procured the signature of appellee to a printed form or order. This form contained many blank spaces which were to be filled in. A carbon copy was made. There is some conflict as to what blanks were filled in. White stated

that the carbon copy was a true copy of the order signed by Ehmsen. He recognized that there were differences in what was filled in the blanks of the original and carbon copy, but was unable to explain such differences. By the terms of the order appellee was to get a new Stimpson scale, and was to put in the old Toledo scale for one hundred dollars and pay in addition a net of $140. The printed form contained the following:

"Nothing but shipment or accept in writing by a duly authorized officer of the Stimpson Computing Scale Co. shall constitute an acceptance of this order. The goods shall remain the property of the Stimpson Computing Scale Co. and the undersigned shall be considered as holding the same merely as their bailee until the execution and delivery of the mortgage, or until the price is paid. * * * This order shall not be subject to countermand or rescission," etc.

The order was signed by appellee without any consideration from the appellant. When this order was signed, it was the understanding of all parties that the old Stimpson scales (which White had several days before then voluntarily brought to the store of appellee) were to remain there and be used by the appellee until the new scales had been received, and White told appellee to keep the old Stimpson scales there until the others arrived from the factory, and that when they came he, White, would come out and set them up and "take back the old scales." Nothing was said at the time the order was signed relative to when the Toledo scales were to be removed from the store. Appellee did not know that White had taken them until later, when he was told so by some of "the help." Within three hours after the order was signed, the wife of appellee, at his request, called White over the phone and told White to cancel the order. White replied that he had mailed it in. There is some dispute as to the rest of the phone conversation. The wife of ap-

pellee says that she told White that he could telegraph to the company to cancel it, and that White replied that he could not telegraph. She replied that if White did not she would, to which White replied, "Never mind I will take care of it." The version of White is, that although there was something said about telegraphing he did not agree to send a telegram to the company. The wife of appellee states that in that conversation, or one held the next day, she told White to come and get the old Stimpson scales and bring back the Toledo scales. Appellee also testified that on August 20th, the date the order was signed, he also called White and told him to bring back the old Toledo scales and get the old Stimpson scales. White, appellee and appellee's wife all agree that the old Stimpson scales at the time of the trial were at the store of appellee where White had voluntarily taken them to be used by the appellee until they had served their purpose. Appellee still is holding the old Stimpson scales for White.

At the time White was first called by the wife of appellee and during all of the negotiations, including the time appellee and his wife telephoned to White and withdrew or canceled the order, he was the "local representative" of appellant, maintaining a "place of business," an "office" or sales room for appellant, with a sewing machine company in Decatur. In the deposition of secretary-treasurer of appellant, White is referred to as "our Mr. White." After appellee refused to accept delivery of the new scales from the express office, White called the express company in Decatur and had the new scales delivered to "his office in Decatur" where, with the knowledge and consent of appellant, he is still holding them. He was not an officer of the company and had no authority whatsoever to accept or reject orders.

The next day, after appellee had given notice to White, the agent of appellant, that he had cancelled

his order, according to the deposition, the order was
stamped "accepted" by the secretary-treasurer of ap-
pellant; a regular express order was made out and
delivered to the traffic department of appellant with
a request to that department to make immediate ship-
ment; the shipping department handled the order in
the usual way and on some date, apparently September
1st, the new scales were delivered to the American
Railway Express Company consigned to appellee. On
August 28th, appellant received a letter from appellee
again cancelling the order. So far as the record shows,
no notice or acceptance of any sort was given or put
in the course of transmission to appellee until August
29th, at which time a letter was written by appellant
to appellee, stating that the order was not subject to
cancellation and that appellee would be held responsi-
ble for settlement. On September 1st, appellant mail-
ed an invoice covering shipment of the scales. Some
time after September 1st, appellee was notified that
the express company had received the scales consigned
to him and he refused to accept them. The express
company apparently notified appellant of the refusal
of appellee to accept the scales. Thereafter White, the
agent of appellant, called up the express company and
instructed it to deliver the scales to his office in De-
catur. White received the scales and from such time
on, to the trial kept them at his place of business, ap-
parently as agent of appellant, "ready, able and will-
ing" to turn them over to appellee.

Some matters set out in the statement we deem
of no importance, but they are inserted in view of one
contention made by appellant. There was a verdict
and judgment for appellee and appellant has appealed.

Appellant contends that the order was not subject
to *rescission* or cancellation; that notice to White was
not notice to appellant and that in any event appellee
could not *rescind* or cancel the order without placing

appellant *in statu quo,* that is, the old Stimpson scales should have been returned to appellant.

Appellant further assigns error upon the giving of one instruction for appellee. The terms of the written order, requiring shipment on the written acceptance in writing by a duly authorized officer of the appellant company, to constitute acceptance of the order, renders the order, on the part of appellee, a mere offer to purchase for no consideration, which may be revoked or cancelled at any time, before acceptance, in writing or shipment by appellant. (23 R. C. L. par. 1288, sec. 104; *Martin & Co. v. Wilms,* 61 Ill. App. 108; *Alexander Hamilton Institute v. Jones,* 234 Ill. App. 444; *Stahl & Stahl v. Loeb, Cooney & Loeb,* 209 Ill. App. 245; *Taylor & Verble v. John A. Tolman Co.,* 47 Ill. App. 264; *Bauman v. McManus,* 75 Kan. 106, 89 Pac. 15, 10 L. R. A. [N. S.] 1138 and note; *J. L. Owens Co. v. Bemis,* 22 N. D. 159, 133 N. W. 59, 37 L. R. A. [N. S.] 232 and cases there cited.) In fact, the principle is elementary. But it is contended that notice of cancellation in this case to White, is not notice to appellant. With this contention we cannot agree. It is conceded in this case, and stated in the proffered offer, that White did not have authority to accept the offer and contract; but it is conceded that White had authority to solicit the order and submit it to his superiors for acceptance. It is an elementary rule, settled by an unbroken current of authority, that notice to an agent, while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to the principal. (2 Mechem on Agency, sec. 1803, page 1384; 21 R. C. L. pp. 838, 839; 2 C. J. 859; *Booker v. Booker,* 208 Ill. 529, 542; *Fischer v. Tuohy,* 186 Ill. 143, 150; *Sterling Bridge Co. v. Baker,* 75 Ill. 139.)

Appellee's withdrawal of his offer or notice to withdraw, in the hands of the agent used by appellant to solicit the offer, is sufficient notice to appellant and

effects a withdrawal. *Stahl & Stahl v. Loeb, Cooney & Loeb, supra; Gross v. Arnold,* 177 Ill. 575.

In the *Stahl* case defendants sent to plaintiff a telegraphic offer for certain goods, reading: "Offer seven ten your track immediate shipment to New York. Answer," which plaintiffs accepted by telegraph, but before receipt of plaintiff's telegram defendant telegraphed its withdrawal of its offer. It was held that the delivery of the withdrawal telegram to the Telegraph Company was a delivery to plaintiffs and was in sufficient time to prevent the completion of the contract. The withdrawal was made to the agent, selected by both parties to communicate the transaction.

In *Gross v. Arnold,* appellees executed notes and a contract and placed them in the hands of appellant's agents, at their solicitation, for appellant's acceptance or rejection. Before appellant either accepted or rejected the offer, appellees notified appellant's agent of their withdrawal of the offer. It was held that the notice of withdrawal revoked the offer and cancelled the notes. The court bases its reasoning upon the ground that the notes and contract were never delivered, and holds:

"Delivery is a question of intent, and depends on 'whether the parties at the time meant it to be a delivery to take effect at once.' *Jordan v. Davis,* 108 Ill. 336; *Wilson v. Wilson,* 158 Ill. 567." And a similar rule is laid down in *Weber v. Hulbert,* 225 Ill. App. 321, 328; *Sinclair v. Sinclair,* 224 Ill. App. 130, 136; *Gustin Bacon Mfg. Co. v. First Nat. Bank of Englewood,* 224 Ill. App. 457, 464; and *Corbett v. Cronkrite,* 239 Ill. 9, 16, some of the cases placing the rule upon the ground of no consideration and others that the instrument or contract was never delivered. To hold in this case that appellee should have given notice of withdrawal of offer directly to appellant, is, in effect,

holding that appellant had some rights in the contract before it knew anything about the transaction or had accepted the offer. The authority of an agent to solicit offers for goods, or sales to be approved or accepted by a superior, necessarily carries with it the authority to receive notice of the revocation of such offers and before acceptance the superior is bound by such notice.

Appellant contends further that appellee was not permitted in this case to *rescind* or revoke the offer without placing appellant *in statu quo* by returning the old scales which were furnished or loaned by White to appellee. In this connection appellant also contends that White only had authority to solicit sales. In this situation White, being only a solicitor of orders, had no right to accept payment of goods to be shipped. He was acting outside of his authority. *Simmons Motor Co. v. Dudley,* 196 Ill. App. 329, 333. The delivery of the old scales to appellee by White passed no right of property in the scales to appellee, whether they were owned by White or appellant. *Abrahams v. Weiller,* 87 Ill. 179. The contention, also, totally ignores the terms of the offered contract requiring shipment or acceptance in writing before it shall become a valid contract. We do not see how the loaning of the old scales in any manner affects the merits of the case at bar.

Appellant complains of the appellee's first given instruction, informing the jury: ''If the defendant cancelled his order  *  *  *  before the scales were shipped, '*or*' before the order was accepted  *  *  * then it is your duty to return a verdict for the defendant.'' The wording of this instruction, technically was error, but it does not follow that the judgment should be reversed. It was undisputed on the trial that appellee gave White notice to withdraw the offer before the order was accepted or the goods shipped,

and it follows, there being no material issue of fact in the case, that the court should have instructed a verdict for appellee.

Finding no reversible error in the record, the judgment of the circuit court of Macon county is affirmed.

*Affirmed.*